**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 15, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL KEVIN HARRIS,

Defendant-Appellant.

No. 04-1536

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. NO. 04-CR-158-WM)**

---

Barrett T. Weisz, Richilano & Ridley, P.C., Denver, Colorado, for Defendant-Appellant.

Martha A. Paluch, Assistant United States Attorney, (William J. Leone, Acting United States Attorney, with her on the brief) Office of the United States Attorney, Denver, Colorado, for Plaintiff-Appellee.

---

Before **HARTZ**, **BRORBY**, and **TYMKOVICH**, Circuit Judges.

---

**TYMKOVICH**, Circuit Judge.

---

Michael Harris was convicted of firearm possession and sentenced to the statutory minimum of fifteen years as a career criminal. On appeal, he asks us to

consider the scope of the "prior conviction" exception to the rule established in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), specifically, whether a jury, rather than a judge, must determine if prior crimes were committed on separate occasions under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The district court concluded that this determination was included within the prior conviction exception and could be made by the court. We agree and, therefore, AFFIRM.

## I. Background

Harris was indicted for possessing a firearm after previously being convicted of a felony in violation of 18 U.S.C. § 922(g)(1). Typically, a person who violates § 922(g) faces a sentence of up to ten years. 18 U.S.C. § 924(a)(2). However, under the ACCA, a person who violates § 922(g) is subject to an enhanced penalty if he "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." *Id.* § 924(e)(1). The enhanced penalty is a mandatory fifteen years to life. *Id.*

Pursuant to a written plea agreement, Harris pled guilty to violating § 922(g). As part of the plea he acknowledged he had evaded police officers in a high-speed car chase that ended with him leaving his vehicle and fleeing from police on foot. When the police finally captured him, they found a .45 caliber

Colt pistol about twenty feet from his car and matching ammunition on him and in his car.

Harris also admitted that, prior to this incident, he had been convicted of several different felonies: robbery, second degree burglary, possession of a weapon by a previous offender, and two convictions for drug distribution. Prior to sentencing the probation office prepared a presentence report (PSR), concluding that Harris's prior criminal history made him eligible for sentence enhancements as an armed career criminal. The PSR listed these crimes and noted they occurred years apart and in different jurisdictions. Harris did not object to the factual assertions in the PSR, arguing instead that whether his prior convictions were "committed on occasions different from one another" was a question of fact that a jury, not a judge, must decide:

> Answering this question necessarily requires that the Court look to the actual conduct of the defendant supporting the convictions, not merely the date on which [the] judgment of conviction [was] entered. In contrast, to determine whether a conviction exists and whether it constitutes a violent felony or serious drug offense, the Court need only look to the face of the conviction and need not inquire into the facts of the offense.

Vol. I, Doc. 38, Pg. 6. He continued, "[T]he single criminal episode rule requires the trial court to inquire into, not the date of conviction, but the factual circumstances underlying the conviction. In state[] criminal cases the date of conviction says very little about when the offenses were actually committed." *Id.*

3

at 7.

At the sentencing hearing, the government urged the court to treat this fact as one of a prior conviction and to find it satisfied based on charging documents and judgments from the prior convictions. Harris again responded that because the court would have to look at the facts underlying the conviction, rather than simply the conviction itself, the prior conviction exception would not apply.

The court rejected Harris's argument:

> Clearly I can review the judgment of conviction and the statute upon which they are based, and I conclude that inherent in a fact of conviction is the time and place of conviction. And in this instance we have significant break-up between three, the first two which are also distinct crimes of jurisdiction of authority and a four-year difference, and then another significant temporal break to the drug convictions in 1998, which are again separated by place of conviction. And there may be some connection, but even if there were and one were not to separate the two drug convictions, we still would be left with three.

Vol. III, Pg. 15.

The court found the ACCA satisfied, and since the high end of the applicable range (168 months) under the United States Sentencing Guidelines was below the ACCA's 180-month mandatory minimum, the court imposed the higher sentence.

## II. Analysis

Harris makes three claims on appeal: (1) the district court violated the Sixth Amendment when it, rather than a jury, concluded his prior crimes were

4

committed on different occasions; (2) the district court improperly relied on the PSR in reaching this conclusion; and (3) under *United States v. Booker*, 543 U.S. 220 (2005), imposition of the mandatory minimum sentence violated the Sixth Amendment.

## A. Scope of Prior Conviction Exception

Harris first argues that the district court violated his Sixth Amendment rights by determining that his prior crimes were committed on different occasions. This argument asks us to define the scope of the "prior conviction exception" to the rule announced in *Apprendi v. New Jersey,* 530 U.S. 466 (2000). The scope of the prior conviction exception is critical to the proper application of the ACCA, which requires sentencing courts to enhance a defendant's sentence based on his prior criminal record. The ACCA applies where the defendant "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Thus, imposition of the ACCA requires: (1) that at least three prior convictions exist, (2) that those convictions were either for a violent felony or a serious drug offense, and (3) that the prior offenses were committed on different occasions from one another.

Harris claims these facts must be submitted to a jury. In *Apprendi*, however, the Supreme Court expressly excluded a defendant's prior criminal

history as a matter for jury deliberation: "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490 (emphasis added). The Supreme Court reaffirmed this holding last year in *Booker*: "Any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 244 (emphasis added).

Applying this authority, we have recently held that all three elements of the ACCA are properly assessed by the sentencing court.[1] First, the requisite number of convictions of the defendant is a question for the court. *United States v. Moore,* 401 F.3d 1220, 1226 (10th Cir. 2005). Second, whether a particular conviction was for a "violent felony" under § 924(e) is also a question of law for the court since it "involves an inquiry intimately related to whether a prior conviction exists, and therefore falls within the prior convictions exception to the

---

[1] Harris argues the prior conviction exception is constitutionally suspect in light of recent doubts expressed by some members of the Supreme Court about its continuing vitality. *See United States v. Shepard*, 544 U.S. 13, 27–28 (2005) (Thomas, J., concurring). Unless and until the Supreme Court determines otherwise, we will continue to follow applicable precedent. *United States v. Moore,* 401 F.3d 1220, 1224 (10th Cir. 2005).

6

*Apprendi* rule." *Id.* at 1225. Finally, we most recently held that "whether prior convictions happened on different occasions from one another is not a fact required to be determined by a jury but is instead a matter for the sentencing court." *United States v. Michel*, __ F.3d __, No. 04-2214, 2006 WL 1266514 (10th Cir. May 10, 2006).

As we explained in *Michel*, every circuit court to consider the issue has concluded the question is one for the sentencing court, not a jury. *United States v. Thompson*, 421 F.3d 278, 284–85 (4th Cir. 2005); *United States v. Wilson*, 406 F.3d 1074, 1074 (8th Cir. 2005); *United States v. Burgin*, 388 F.3d 177, 186 (6th Cir. 2004); *United States v. Morris,* 293 F.3d 1010, 1012 (7th Cir. 2002); *United States v. Santiago*, 268 F.3d 151, 156–57 (2d Cir. 2001).

We found two cases particularly persuasive. In *Thompson*, the Fourth Circuit explained the logic of the prior convictions exception:

> A conviction cannot . . . be reduced to nothing more than that the defendant was at some prior time convicted of some crime. This bare fact is certainly at the nucleus of the conviction. But that nucleus also contains other operative facts, such as the statute which was violated and the date of the conviction. The Supreme Court has declined to attempt extraction of the mere fact of a prior conviction, stripped of all content. *We cannot be willfully blind to that content—date, statutory violation, and the like—where it is properly established by one of the sources approved [by the United States Supreme Court]. It is as much a part of the conviction as the fact that twelve jurors agreed about the defendant's guilt.*

421 F.3d at 282–83 (emphasis added). Thus, the issue was "whether the facts necessary to support the enhancement inhere in the fact of conviction or are

extraneous to it." *Id.* at 283.

In concluding the former, the court made the commonsense observation: "[The] ACCA's use of the term 'occasion' requires recourse only to data normally found in conclusive judicial records, such as the date and location of an offense, upon which [Supreme Court precedents] say we may rely." *Id.* at 286. Thus, "the 'different occasions' requirement of § 924(e) cannot be significantly distinguished from 'the fact of a prior conviction.'" *Id.* at 286 (quoting *Burgin*, 388 F.3d at 186).

The Second Circuit expressed a similar view in *Santiago*:

The determination of "the fact of a prior conviction" implicitly entails many subsidiary findings, not the least of which is that the defendant being sentenced is the *same* defendant who previously was convicted of those prior offenses, a fact that could be quite controversial indeed. . . . Thus, the separateness of the convictions is not a fact which is different in kind from the types of facts already left to the sentencing judge.

268 F.3d at 156. The court concluded that the "different occasions" language of § 924(e) "falls safely within the range of facts traditionally found by judges at sentencing and is sufficiently interwoven with the facts of the prior crimes that *Apprendi* does not require different fact-finders and different burdens of proof." *Id.* at 157.

The teaching of these cases is that the separateness of prior crimes is inherent in the fact of conviction. The time, place, and substance of the prior convictions can ordinarily be ascertained from court records associated with those

8

convictions, and the Supreme Court has held that the Constitution allows sentencing courts to rely on such records to make findings about prior convictions. *Shepard v. United States*, 544 U.S. 13, 16 (2005). Like the number of prior crimes and whether they are violent felonies, separateness is an "inquiry intimately related to whether a prior conviction exists." *See United States v. Moore*, 401 F.3d 1220, 1225 (10th Cir. 2005). Therefore, separateness falls within the prior crimes exception. *Michel*, __ F.3d at __, 2006 WL 1226514 at *7.

Accordingly, the district court properly concluded the Sixth Amendment did not prevent it from deciding whether Harris's prior convictions were "committed on occasions different from one another" under the ACCA.

## B. *Evidence of Prior Convictions*

Harris next claims that even if the district court had the authority to make findings as to separateness, the court did not have a constitutionally adequate record to do so. In particular, he argues that the district court impermissibly relied on the PSR and government characterizations of his prior convictions to conclude the prior crimes were committed on different occasions.

The Supreme Court has described the sort of evidence a court may review in determining a defendant's prior record under the Sixth Amendment. In *Taylor v. United States*, 495 U.S. 575 (1990), the Court held that a sentencing judge

9

making findings about a prior jury conviction is limited to reviewing the charging documents filed in the court of conviction and jury instructions. *Id.* at 602. Last year, in *Shepard v. United States*, 544 U.S. 13 (2005), the Court expanded this holding to plea cases:

> In cases tried without a jury, the closest analogs to jury instructions would be a bench-trial judge's formal rulings of law and findings of fact, and in pleaded cases they would be the statement of the factual basis for the charge, shown by a transcript of plea colloquy or by written plea agreement presented to the court, or by a record of comparable findings of fact adopted by the defendant upon entering the plea.

*Id.* at 20–21. Thus, a district court enhancing a defendant's sentence for prior convictions under the ACCA may examine such sources as "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id.* at 16.

In this appeal, we have no doubt that the evidence supported the district court's finding of separateness. First, in pleading guilty Harris admitted in the plea agreement that he had numerous prior felony convictions. It is uncontested that these crimes (although committed in Colorado) were separated geographically and over time:[2]

---

[2] Separateness under the ACCA turns on when and where the crimes were committed, not when the convictions were entered. These dates are taken from

(continued...)

10

- 1979 – Robbery, Arapahoe County
- 1983 – Burglary, Jefferson County
- 1990 – Felon in possession, Arapahoe County
- 1998 – Drug distribution, Jefferson County
- 1998 – Drug distribution, Arapahoe County

In addition to the information admitted in the plea agreement, these prior convictions were also identified in both the indictment and the PSR. And the PSR was based in part on a review of court records detailing Harris's criminal history. Harris never objected to the information contained in the plea agreement, indictment or PSR, or otherwise argued they were inaccurate.

It is true that we have remanded where the district court's reliance on the PSR made it unclear whether it complied with *Shepard*. *See United States v. Taylor*, 413 F.3d 1146, 1156–58 (10th Cir. 2005). Nevertheless, two observations allow us to conclude that the district court below had sufficient evidence in light of *Shepard* to conclude that Harris's prior crimes were committed on separate occasions.

First, the record indicates that the court had before it some of the court records from Harris's prior crimes. At sentencing, for example, the government urged the court to rely on "the judgment of convictions and the charging documents" to conclude that Harris's crimes were separate incidents. Vol. III, Pg.

---

[2](...continued)
the indictment in this case, which identifies the prior convictions by the year they were charged.

11

5–6. In light of the evidence before the court, Harris effectively admitted the prior crimes were committed on different occasions when he told the court, "no reasonable jury could conclude the convictions were not separate events." Vol. III, Pg. 13. In the end, however, the court stated that it was relying on "the judgment of conviction and the statute upon which they are based." Vol. III, Pg. 14–15. It thus appears from this record that the court relied on Harris's admissions as well as documents sanctioned by *Shepard* to conclude the prior crimes were committed on different occasions.

Second, Harris's failure to object to the PSR created a factual basis for the court to enhance his sentence under the ACCA. Criminal Procedure Rule 32 requires the defendant to affirmatively point out any fact in the PSR that he contends is inaccurate. Absent an objection to the PSR, the district court "may accept any undisputed portion of the presentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A). Except in the context of an admission "for Sixth Amendment *Booker* purposes," a defendant must still point out contested facts:

> *Booker* has not relieved a defendant of his obligation under Rule 32(i)(3)(A) to point out factual inaccuracies included in the PSR. And requiring a defendant to challenge any factual inaccuracies in the PSR before or during sentencing permits the district court to address those objections at a time and place when the district court is able to resolve those challenges.

*United States v. Wolfe*, 435 F.3d 1289, 1299 (10th Cir. 2006).

If Harris disputed the PSR's conclusion that he had committed three

12

separate prior felonies, he could have objected to the PSR, and the court would have resolved the objection by further reference to the court records discussed above. Harris made no such objection. Rather, he objected only with the legal argument that he presses on appeal: separateness requires a jury finding. He has offered nothing to support any claim that truly contested facts were at stake at sentencing. Thus, the district court could properly rely on the PSR to conclude that his prior crimes were separate. *See Thompson*, 421 F.3d at 285 (affirming sentence where district court relied on PSR in absence of any "objection either to the propriety of its source material or to its accuracy").

In sum, the district court did not err in concluding the government's evidence established the separateness of Harris's prior convictions.

## C. *Mandatory Minimum Sentences After* Booker

Finally, Harris asserts that the mandatory imposition of a fifteen-year sentence violates the Sixth Amendment as interpreted in *United States v. Booker*, 543 U.S. 220 (2005), which concluded that the mandatory application of the United States Sentencing Guidelines was unconstitutional. It remedied the constitutional violation by allowing courts to continue to apply the sentencing guidelines, but only in a discretionary fashion, subject to review for reasonableness. *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006). Harris's challenge, in essence, is that mandatory minimums for career criminals

also violate the Sixth Amendment by taking away from the court the discretion to impose a lower sentence.

Under the statute of conviction, 18 U.S.C. § 922(g), Harris's potential sentence was a maximum of 10 years. 18 U.S.C. § 924(a)(2). Under the ACCA provision, § 924(e), however, not only did Harris face the mandatory minimum sentence, but the minimum sentence was above the maximum penalty he otherwise would have faced. Harris thus argues that since "the district court in this case did not have discretion to sentence [him] to anything less than the 15 year statutory minimum, . . . [his] sentence was imposed in violation of *Booker* and [the Sixth Amendment]." Aplt. Br. at 21.

*Booker*, however, does not apply to statutory minimum sentences. While it is true that the district court has no discretion to impose a sentence below the statutory minimum, the Supreme Court's holdings in *Apprendi* and *Shepard* still apply the prior conviction exception. Thus, although it is typically unconstitutional to *mandatorily* enhance a sentence based on a judge-found fact, because the mandatory enhancement here is based on *prior convictions*, neither the Sixth Amendment nor *Booker* require a jury finding. The Supreme Court in *Apprendi* excluded increases based on the "fact of a prior conviction," and the majority in *Booker* preserved that exclusion. *See Booker*, 543 U.S. at 244 ("[W]e reaffirm our holding in *Apprendi*."). It then follows that *Booker* does not

14

preclude a court from imposing a statutory minimum established by Congress based on a defendant's record of prior convictions. *See, e.g., United States v. Warford*, 439 F.3d 836, 845 (8th Cir. 2006) (rejecting defendant's argument "that mandatory minimum sentences are 'constitutionally suspect' in light of" *Booker* and holding that *Booker* "does not render unconstitutional a statutory minimum sentence").

Accordingly, we reject Harris's argument that *Booker* prohibits the application of § 924(e) in his case.

## III. Conclusion

For these reasons, we hold that the separateness of prior convictions is a "fact of a prior conviction" and, thus, excluded from the Sixth Amendment protections discussed in *Apprendi* and *Booker*. We also hold that in making this determination, the district court should consider those documents specified in *Shepard* and that a review of those documents in this case supported the district court's conclusion that the prior convictions were "committed on occasions different from one another." Accordingly, we AFFIRM.