**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 5, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FRANCISCO CHAMORRO-
RESENDEZ,

Defendant-Appellant.

No. 05-2199
(D.C. No. CR-04-1144 JB)
(New Mexico)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Francisco Chamorro-Resendez brings this appeal challenging the district

court's sixteen-level enhancement of his sentence pursuant to U.S.S.G. § 2L1.2.

The district court concluded Mr. Chamorro-Resendez's prior conviction for third

degree assault in Colorado was a crime of violence warranting the enhancement

laid out in section 2L1.2. We exercise jurisdiction pursuant to 18 U.S.C. §

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

3742(a) and 28 U.S.C. § 1291, and affirm.

Mr. Chamorro-Resendez pled guilty to one count of unlawful reentry by a previously deported alien in violation of 8 U.S.C. § 1326. The presentence report (PSR) recommended pursuant to U.S.S.G. § 2L1.2(b)(1)(A) that his base level offense be increased by sixteen levels for a prior conviction of domestic violence third degree assault in the state of Colorado, which the PSR characterized as a crime of violence.[1] The PSR indicated that according to arrest reports, Mr. Chamorro-Resendez "cause[d] bodily injury" to his wife. Rec., vol. II at 9. Mr. Chamorro-Resendez's first attorney during the sentencing phase raised a number of objections to the PSR, but explicitly did "not dispute that [Mr. Chamorro-Resendez's] conviction is a crime of violence." *Id*., vol. I, doc. 17 at 2. The attorney did claim that Mr. Chamorro-Resendez's Sixth Amendment rights were violated by the enhancement because he did not admit, nor did a jury find, that he had been convicted for the underlying assault charge.

At the sentencing hearing, new counsel again conceded the violent nature of Mr. Chamorro-Resendez's prior conviction, stating "I cannot say that the third-degree assault – I can't say that it wasn't a violent offense, because it's a domestic violence conviction . . . ." *Id*., vol. IV at 8. Counsel did not advance

---

[1]Commentary to guideline section 2L1.2 indicates that a "crime of violence" can be an "aggravated assault . . . or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, cmt. n.1(B)(iii).

the arguments raised by Mr. Chamorro-Resendez's first sentencing attorney. Instead, counsel challenged the enhancement on Equal Protection grounds. The district court rejected this argument but granted Mr. Chamorro-Resendez's motion for a downward departure in his criminal history category. *Id.* at 18.

Prior to issuing a sentence, the court gave all counsel a final opportunity to lodge any objections. Neither side did so. The court adopted the factual findings and guideline applications detailed in the PSR, with the exception of the criminal history category departure it granted to Mr. Chamorro-Resendez. The court then determined Mr. Chamorro-Resendez had a total offense level of 21 and a criminal history category of III, resulting in a sentencing range of 46 to 57 months. The court sentenced Mr. Chamorro-Resendez to 46 months.

On appeal, Mr. Chamorro-Resendez contends his sentence runs afoul of the Supreme Court's recent rulings in *Shepard v. United States*, 544 U.S. 13 (2005), and *Taylor v. United States*, 495 U.S. 575 (1990), and our decision in *United States v. Perez-Vargas*, 414 F.3d 1282 (10th Cir. 2005). He asserts the district court erred in applying the sixteen-level enhancement for his domestic violence conviction because the district court relied on facts detailed in the PSR, which in turn relied on an arrest report. *Shepard* and *Taylor* generally provide that in determining whether a prior conviction is a crime of violence for sentencing purposes, the sentencing court must take "a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular

facts underlying those convictions." *Taylor*, 495 U.S. at 600. If the statute could cover varying forms of violent and non-violent behavior, the sentencing court may consider the "terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea [or verdict] was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard*, 544 U.S. at 26. However, a sentencing court may not "look to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted, and supported a conviction for, generic burglary." *Id.* at 16.

Following *Shepard* and *Taylor*, we examined the Colorado assault statute at issue here and held in *Perez-Vargas* that third degree assault convictions do not categorically qualify as prior crimes of violence under guideline section 2L1.2 because the statutory language "does not necessarily include the use or threatened use of 'physical force' as required by the Guidelines." 414 F.3d at 1287. Because the Colorado statute was ambiguous, we held the sentencing court should look to the types of material approved in *Shepard* and *Taylor* to determine whether an enhancement was appropriate. *Id.* at 1284-85. Because the district court in *Perez-Vargas* applied the enhancement in derogation of *Shepard* and *Taylor*, we remanded the case for further proceedings. *Id.* at 1287. Mr. Chamorro-Resendez contends that the district court's enhancement of his sentence for his domestic violence conviction was unlawful under this trio of cases because

the court relied on the PSR, which in turn relied improperly on arrest reports.

Because Mr. Chamorro-Resendez raises this issue for the first time on appeal, we review only for plain error. "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (*en banc*) (citation omitted). The government concedes that Mr. Chamorro-Resendez "can show . . . the first three prongs of plain error in this case." Aple. Br. at 7. We therefore limit our analysis to the final prong of plain error review. We will exercise our discretion to notice the error "only if it seriously effects the fairness, integrity, or public reputation of the judicial proceedings." *Gonzales-Huerta*, 403 F.2d at 736.

At sentencing, the district court adopted the PSR's factual findings, including the statement that Mr. Chamorro-Resendez "cause[d] bodily harm to" his wife. Rec., vol. II at 9; *id.*, vol. IV at 20. At no point did Mr. Chamorro-Resendez contest the accuracy of that finding or object to the district court's adoption of the PSR findings. Moreover, Mr. Chamorro-Resendez had conceded on at least two prior occasions that his Colorado conviction was a violent crime under the sentencing guidelines. *Id.*, vol. I, doc. 17 at 2; *id.*, vol. IV at 8.

We have commented that "[w]here a defendant acquiesces to the district court's findings of fact that support an enhancement with little or no objection,

leaving the resulting plain error uncorrected poses little risk to the fairness or integrity of judicial proceedings." *United States. v. Hauk*, 412 F.3d 1179, 1197-98 (10th Cir. 2005); *see also United States v. Harris*, ___ F.3d ___, No. 05-2199, 2006 WL 1314654 at *5-6 (10th Cir. May 15, 2006). Mr. Chamorro-Resendez not only conceded that his prior conviction was a crime of violence, he also failed to object to the district court's adoption of the PRS's factual findings concluding the same. In light of these concessions, we are not persuaded the district court's determination that Mr. Chamorro-Resendez's Colorado conviction was a crime of violence seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Cf. United States v. Mastera*, 435 F.3d 56, 61-62 (1st Cir. 2006) (no plain error under second prong of test where district court enhanced defendant's sentence relying on defendant's admission in sentencing memorandum that prior crime satisfied definition for generic burglary).

Nor can Mr. Chamorro-Resendez prevail on his constitutional challenge to his sentence. In his initial objections to the PSR, Mr. Chamorro-Resendez contended his sentence violated the Sixth Amendment because he did not admit to, nor did a jury find beyond a reasonable doubt, that he was convicted of the underlying assault charge. On appeal, Mr. Chamorro-Resendez makes a similar general argument that his sentence violated his constitutional rights. But the binding authority of *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which serves as an exception to *Apprendi v. New Jersey*, 530 U.S. 466 (2000),

precludes Mr. Chamorro-Resendez's argument.

*Apprendi* requires that any fact increasing a sentence beyond the statutory maximum must be submitted to a jury. *Id.* at 490. Prior to *Apprendi*, the Supreme Court held that because recidivism "is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence," *Almendarez-Torres*, 523 U.S. at 243, the fact of a prior conviction was not required to be charged in an indictment against a defendant. *Apprendi* incorporated the *Almendarez-Torres* exception into its holding, stating that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490 (emphasis added).

*Almendarez-Torres* has recently come under some fire, *see Shepard*, 544 U.S. at 27-28 (Thomas, J., concurring), but has not been overruled. "[W]e will not presume to do so for the Court, and we are bound by existing precedent to hold that the *Almendarez-Torres* exception to the rule announced in *Apprendi* and extended to the Guidelines in *Booker* remains good law." *United States v. Moore*, 401 F.3d 1220, 1224 (10th Cir. 2005). Mr. Chamorro-Resendez's Sixth Amendment challenge to his sentence is unavailing.

We **AFFIRM.**

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge