

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-11-2006

# USA v. Morton

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1229

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Morton" (2006). *2006 Decisions*. Paper 765.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/765

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 04-1229

_____

UNITED STATES OF AMERICA

v.

HAROLD MORTON,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 01-cr-00320)
District Judge: Hon. John P. Fullam

_____

Submitted Under Third Circuit LAR 34.1(a)
July 10, 2006

Before: SLOVITER, McKEE and RENDELL, Circuit Judges

(Filed  July 11, 2006)

_____

OPINION

SLOVITER, Circuit Judge.

Appellant Harold Morton pled guilty to possession with intent to distribute more than five grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) (Count One); possession with intent to distribute more than five grams of cocaine base (crack) within 1,000 feet of a school in violation of 21 U.S.C. § 860 (Count Two); carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Five); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count Six). The Government filed an information indicating that it would seek enhanced sentencing on Counts One and Two based on Morton's prior felony drug conviction - an offense for which Morton was on parole at the time he committed the instant offenses.

The written guilty plea agreement explicitly notified Morton that the mandatory minimum sentence for Counts One and Two was ten years' imprisonment and that the mandatory minimum for Count Five was five years' imprisonment, to be served consecutively to any other sentence imposed. The District Court (Fullam, J.) fully explained the mandatory sentences to Morton at the change of plea hearing. Thereafter, the District Court found Morton's guilty plea to be knowing, intelligent and voluntary.

On November 13, 2003, the Court sentenced Morton to concurrent terms of ten years' imprisonment on Counts One, Two, and Six to be followed by the mandatory

2

consecutive sentence of five years' incarceration on Count Five.[1]  In the course of the sentencing, the District Court stated that it was sentencing to the minimum required by statute, but if those mandatory minimums were not in place, the Court would have sentenced Morton to five or six years' incarceration.[2]

The Government agreed to file a motion under U.S.S.G. § 5K1.1 to permit a downward departure from the otherwise applicable Guideline range should the Government in its sole discretion determine that Morton had provided substantial assistance to law enforcement.  However, because the District Court did not sentence Morton pursuant to the Guidelines, there was no occasion for a § 5K1.1 motion.[3]

Morton appeals.  His counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).  Under Anders, if, after review of the district court record and a conscientious investigation, counsel is convinced that the appeal presents no issue of arguable merit, counsel may properly ask to withdraw while filing a brief referring to

---

[1] The District Court also imposed an eight-year term of supervised release.  As part of the plea agreement, the Court dismissed Counts Three and Four of the indictment.

[2] Based on his total offense level of 25 and criminal history category of III, Morton faced a Guidelines sentence of 70 to 87 months in prison.  However, because of the statutory minimums, the District Court was required to impose an aggregate minimum sentence of 180 months.

[3] Notably, the Government did not agree to move for a departure below the statutory minimum for substantial assistance. See 18 U.S.C. § 3553(e).

3

anything in the record that might arguably support the appeal.  See id. at 741-42, 744.  To satisfy the Anders requirements, appellant's counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues" and then "explain why the issues are frivolous."  United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000) (citation omitted).

There is no dispute with respect to the facts in this case.  The argument presented in the counseled brief is that Morton's mandatory sentence was based on a prior felony drug conviction, the evidence of which was not submitted to a jury for proof beyond a reasonable doubt.  Counsel states that this claim is patently frivolous.  We agree.

In United States v. Booker, 543 U.S. 220 (2005), the Court held that, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  Id. at 244.  Morton conceded the prior felony drug conviction in his written guilty plea agreement and the District Court imposed its sentence based solely upon facts established by the plea.  Moreover, a prior conviction is expressly excluded from the Booker requirement, and the Government filed an information expressing its intention to seek the enhanced sentence based on the prior conviction.

In Almendarez-Torres, 523 U.S. 224 (1998), the Supreme Court held that a sentencing judge may use a prior conviction to increase a statutory maximum without that

4

conviction having been charged in an indictment and proved to a jury beyond a reasonable doubt. <u>Almendarez-Torres</u> remains the law of land post-<u>Booker</u>. <u>See</u> <u>United States v. Ordaz</u>, 398 F.3d 236, 241 (3d Cir. 2005). Thus, we must reject any suggestion of constitutional error in the setting of Morton's sentence, which, as noted, was not enhanced based upon any facts found by the District Court at sentencing. <u>Cf.</u> <u>United States v. Harns</u>, __ F.3d __, 2006 WL 1314654, at *6 (10th Cir. May 15, 2006) (recognizing that "<u>Booker</u> does not preclude a court from imposing a statutory minimum established by Congress based on a defendant's record of prior convictions").

In addition, although Morton was sentenced under the pre-<u>Booker</u>, mandatory Guidelines regime, a remand for resentencing under the current advisory Guidelines is not necessary. As noted, Morton was sentenced to the statutory minimum for his offenses because that minimum exceeded the upper-end of the recommended Guidelines sentence. The District Court believed the sentence excessive, but it correctly acknowledged that it was required by law to impose the statutorily mandated sentence. <u>See</u> <u>United States v. Kellum</u>, 356 F.3d 285, 289 (3d Cir. 2004). The court imposed the lowest possible sentence that Morton could receive under the controlling statutes. It is clear, as a matter of law, that there is no basis upon which the District Court could impose a lower sentence upon Morton post-<u>Booker</u>. Stated another way, the District Court's sentencing of Morton under the mandatory Guidelines regime worked no possible prejudice to Morton, and thus a remand for resentencing is not required. <u>Cf.</u> <u>United States v. Hill</u>, 411 F.3d 425, 426

5

(3d Cir. 2005) (declining to remand where district court had clearly indicated that it would impose the same sentence if the Guidelines were advisory).

We have reviewed the available record and note that it supports the guilty plea accepted by the District Court. The District Court's colloquy was sufficient to establish that the plea was knowing, voluntary, and intelligent.

Morton was advised that he could file a pro se brief. Morton attempts to present what appears to be a claim of ineffective assistance of counsel, noting that his counsel did not appear at the sentencing hearing but instead sent a substitute who had never interviewed Morton. This court has expressed a preference that such a claim be raised on collateral review rather than on direct appeal. See United States v. Thornton, 327 F.3d 268, 271 (3d Cir. 2003). Accordingly, we will deny Morton's claim of ineffective assistance of counsel without prejudice to his right to raise it in a motion under 28 U.S.C. § 2255.

For the reasons stated, we will affirm the judgment of conviction and sentence and grant counsel's motion to withdraw.