EBEL, Circuit Judge,
concurring.
I agree with the majority opinion that the 121-month sentence imposed by the district court must be vacated and this case remanded for another sentencing proceeding. But in addressing the primary justification offered by the court for its sentence, I would vacate the sentence and remand using a different analysis than the majority opinion applies in Part II. I do agree, however, with the majority opinion’s Part III, concluding the alternative explanation for the 121-month sentence is procedurally unreasonable.
I. The Primary Sentence Issued by the District Court Addressed in Part II of the Majority Opinion
The district court “must — for any disputed portion of the presentence report or other controverted matter — rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing.” Fed.R.Crim.P. 32(i)(3)(B). Nevertheless, “ [arguments that challenge the district court’s application of the guidelines to the facts and not the facts themselves do not trigger any obligation on the part of the district court to make specific findings.” United States v. Cereceres-Zavala, 499 F.3d 1211, 1214 (10th Cir.2007) (quotation, alteration omitted); see also United States v. Rodriguez-Delma, 456 F.3d 1246, 1253 (10th Cir.2006), citing cases, cert. denied, — U.S. —, 127 S.Ct. 1338, 167 L.Ed.2d 134 (2007); United States v. Harris, 447 F.3d 1300, 1306 (10th Cir.2006). “[T]o invoke the district court’s Rule 32 fact-finding obligation, the defendant is required to make specific allegations of factual inaccuracy.” Cereceres-Zavala, 499 F.3d at 1214, 1215-16 (quotation omitted).
Here, although Defendant-Appellee Louiz Pena-Hermosillo clearly challenged the application of two guidelines offense-level enhancements — the three-level enhancement for being a manager or supervisor and the two-level enhancement for using a minor in his criminal activities — he never disputed any of the historical facts *1119 contained in the presentence report (“PSR”), either in his written objections to the PSR as required by Fed.R.Crim.P. 32(f)(1) or during the sentencing proceeding itself. Therefore, Rule 32(i)(3)(B)’s requirement that the district court resolve factual disputes concerning historical facts was never triggered.[1] See Rodriguez-Delma, 456 F.3d at 1248, 1253-54 (holding defendant’s objection that he was not an organizer or leader of the criminal activity, which did not challenge the historical facts included in the PSR, did not trigger district court’s fact-finding obligation under Rule 32(i)(3)(B)); cf. United States v. Tovar, 27 F.3d 497, 499-500 (10th Cir.1994) (applying prior version of Rule 32, Rule 32(c)(3)(D), and holding that contesting PSR’s assertion that defendant was an organizer, leader, manager or supervisor, without identifying any inaccuracies in PSR, did not require district court to make specific factual findings). The district court, in sentencing Pena-Hermosillo, could rely upon “any undisputed portion of the presentence report as a finding of fact,” Fed.R.Crim.P. 32(i)(3)(A), and was required to consider those historical facts carefully, see United States v. Mateo, 471 F.3d 1162, 1167 (10th Cir.2006), cert. denied, — U.S. —, 127 S.Ct. 2890, 167 L.Ed.2d 1162 (2007). The district court never expressly rejected or found incredible any fact contained in the PSR. Further, by not previously objecting to the PSR’s historical facts, Pena-Hermosillo has waived any opportunity to challenge those facts on remand. Cf. United States v. Kay, 961 F.2d 1505, 1507 (10th Cir.1992) (holding that defendant’s failure to object, before the district court, to the PSR’s factual inaccuracies waives that issue for appeal).
This court, too, can rely upon the PSR’s undisputed historical facts to review the district court’s determination that neither of the challenged enhancements apply in this case.[2] See Wolfe, 435 F.3d at 1299; cf. Mateo, 471 F.3d at 1167 (noting that “[i]t is well established that the sentencing court is entitled to rely on uncontested facts contained in the PSR for certain sentencing purposes”); Harris, 447 F.3d at 1306 (noting that defendant’s “failure to object to the PSR created a factual basis for the court to enhance his sentence under the” Armed Career Criminal Act). Based upon the undisputed historical facts contained in the PSR, I would conclude that the district court erred in refusing to apply either of the two challenged enhancements in this case.
A. Enhancement for being a manager or supervisor
U.S.S.G. § 3Bl.l(b) provides that, “[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive,” his offense level should be increased three levels. “A supervisor is one who exercised some degree of control over others involved in the commission of the offense or must have been responsible for organizing others for the purpose of carrying out the crime.” United States v. Allemand, 34 F.3d 923, 931 (10th Cir.1994) (quotation, alteration omitted). “To qualify for the *1120 enhancement, [the defendant] need only manage or supervise one participant.” United States v. Gonzalez Edeza, 359 F.3d 1246, 1248 (10th Cir.2004).
The question of a defendant’s role in the offense is a factual question, which this court reviews for clear error. See United States v. Cruz Camacho, 137 F.3d 1220, 1223-24 (10th Cir.1998). That is true even when, as here, the defendant does not challenge the historical facts contained in the PSR but only contests the ultimate finding that the defendant was a leader, manager or supervisor. See United States v. Wilfong, 475 F.3d 1214, 1218-19 (10th Cir.2007). “A finding is not clearly erroneous unless it is without factual support in the record or if, after reviewing all of the evidence, we are left with the definite and firm conviction that a mistake has been made.” Gillman v. Ford (In re Ford), 492 F.3d 1148, 1153 (10th Cir.2007) (quotation omitted). Based upon the unobjected-to historical facts in the PSR, the district court’s factual finding that Pena-Hermosillo was not a manager or supervisor was clearly erroneous.
There is no dispute that Pena-Hermosillo’s drug trafficking involved at least five people. Further, the PSR’s facts clearly indicate that he directed others — to pick up drugs for him in Utah and Colorado, to store significant amounts of drugs for him in other people’s homes and businesses, to permit him to sell drugs from these locations, to hide drugs for him during a traffic stop, and to “clean house” after he had been arrested. Considering all of the unobjected-to historical facts in the PSR, I am “left with the definite and firm conviction that” the district court made a mistake in finding that Pena-Hermosillo was not a manager or supervisor of at least one participant in the drug trafficking conspiracy. In re Ford, 492 F.3d at 1153.
B. Enhancement for using a minor in his drug trafficking
U.S.S.G. § 3B1.4 provides that a defendant’s offense level will be enhanced two levels if he “used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense.” “ ‘Used or attempted to use’ includes directing, commanding, encouraging, intimidating, counseling, training, procuring, recruiting, or soliciting.” Id. app. n. 1.
The district court erred, as a matter of law, in concluding that this enhancement cannot apply because Pena-Hermosillo was only seventeen when he began using his girlfriend in his drug trafficking activities. As the majority notes, “for more than a year and a half, including most of the conduct on which the government relies, Mr. Pena-Hermosillo was eighteen or older.” Maj. Op. at 1116-17. That is sufficient to support applying the use-of-a-minor enhancement under the facts of this case. See United States v. Kravchuk, 335 F.3d 1147, 1158-59 (10th Cir.2003) (applying this enhancement where the defendant was eighteen).
Moreover, to the extent that the district court refused to apply this use-of-a-minor enhancement because there was no evidence that Pena-Hermosillo corrupted Kelly, this court has rejected such a requirement. See United States v. Tran, 285 F.3d 934, 937-38 (10th Cir.2002) (applying only clear and unambiguous language of enhancement).
For these reasons, I agree with the majority that Pena-Hermosillo’s 121-month sentence must be vacated and this case remanded for resentencing. Unlike the majority opinion’s Part II, however, after addressing the sentence’s procedural reasonableness, I would conclude that the district court erred in refusing to apply the *1121 two challenged enhancements and I would further conclude that, at resentencing, the district court must apply those two enhancements to calculate Pena-Hermosillo’s advisory guideline ranges.
II. The Alternative Sentence Addressed in Part III of the Majority Opinion
I agree with the majority opinion’s Part III, that the alternative explanation for the 121-month sentence that the district court imposed was procedurally unreasonable. I strongly suspect that the alternative explanation would also be substantively unreasonable, particularly because the court’s earlier erroneous rulings do give us insight into the court’s reasoning. Nevertheless, for the reasons stated in Part III of the majority opinion, which I join, any substantive unreasonableness review should await resentencing after the procedural errors are corrected.

. For this reason, the district court did not err in refusing to take evidence or hear testimony during the sentencing proceeding.

. "[P]ost-Soo/cer this court has refused to treat unobjected-to PSR facts as admitted for Sixth Amendment Booker purposes.” United States v. Wolfe, 435 F.3d 1289, 1299 (10th Cir.2006) (referring to United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and citing United States v. Bass, 411 F.3d 1198, 1204 n. 7 (10th Cir.2005)); see also Harris, 447 F.3d at 1306. But this case does not present a Sixth Amendment Booker problem.