FILED
United States Court of Appeals
Tenth Circuit

November 1, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellant,

v.

MARC DUTCH,

    Defendant - Appellee.

No. 17-2219
(D.C. No. 1:16-CR-01424-MV-1)
(D.N.M)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **EBEL**, and **PHILLIPS**, Circuit Judges.
_____

The government appeals the sentence of Marc Dutch. It contends the district court erred in refusing to apply the Armed Career Criminal Act ("ACCA"). We agree with the government that the ACCA governs because Dutch's prior crimes were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Exercising jurisdiction under 18 U.S.C. § 3742(b), we reverse and remand for resentencing.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I

In 2016, Dutch was arrested after fleeing the scene of a traffic accident. Officers discovered a loaded revolver and ammunition in a subsequent search. Dutch pled guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1), without the benefit of a plea agreement.

Dutch's Presentence Investigation Report recommended that he be subject to the ACCA based on three prior bank robbery convictions. In 2006, Dutch pled guilty to three counts of bank robbery and aiding and abetting in violation of 18 U.S.C. §§ 2113(a) and 2. The government offered the indictment, Dutch's plea agreement, and the judgment from that case. According to the indictment, the bank robberies occurred on or about: (1) November 12, 2005, at First Financial Credit Union, 2700 San Mateo Boulevard NE, Albuquerque, NM; (2) November 25, 2005, at Ironstone Bank, 7300 Jefferson NE, Albuquerque, NM; and (3) November 26, 2005, at Sandia Laboratory Federal Credit Union, 3707 Juan Tabo Blvd., Albuquerque, NM.

The district court concluded that the government had not met its burden to establish the ACCA applied because the record did not indicate whether Dutch's crimes occurred on different occasions or as part of one continuous drug-fueled enterprise. It noted that Dutch's long history of substance abuse and mental illness likely deprived him of a meaningful opportunity to cease his criminal conduct. Dutch was sentenced to 60 months. The government timely appealed.

## II

We review the district court's decision whether to apply the ACCA de novo. United States v. Delossantos, 680 F.3d 1217, 1219 (10th Cir. 2012). A defendant is subject to an enhanced sentence under the ACCA if he has three prior violent felony or serious drug offense convictions that were "committed on occasions different from one another." § 924(e)(1). The government must prove by a preponderance of the evidence that prior offenses occurred on different occasions. Delossantos, 680 F.3d at 1219.

This court has repeatedly held that predicate offenses occurred on different occasions for the purposes of § 924(e)(1) when the offenses took place at different times or locations. See United States v. Harris, 447 F.3d 1300, 1305 n.2 (10th Cir. 2006) ("Separateness under the ACCA turns on when and where the crimes were committed."); United States v. Michel, 446 F.3d 1122, 1134 (10th Cir. 2006) (enhancement applied because defendant "committed three successive criminal incidents at three separate locations against three different victims"); United States v. Johnson, 130 F.3d 1420, 1431 (10th Cir. 1997) ("[O]ffenses committed at distinct, different times will be treated as separate predicate offenses for purposes of § 924(e)(1)." (quotation omitted)); United States v. Tisdale, 921 F.2d 1095, 1099 (10th Cir. 1990) (considering whether prior offenses were "distinct in time" and "committed at different locations"). In determining the time and place of prior offenses, sentencing courts may consult certain records, including charging documents. See Harris, 447 F.3d at 1305 (citing Shepard v. United States, 544 U.S.

3

13, 20-21 (2005)). "The time, place, and substance of the prior convictions can ordinarily be ascertained from court records associated with those convictions . . . ." Id. at 1304.

Dutch's prior indictment demonstrates that his three bank robberies occurred at different times and places, and involved different banks. This information satisfies the government's burden of proving by a preponderance of the evidence that the offenses were "committed on occasions different from one another." § 924(e)(1). Although two of the robberies occurred within a day of one another, we have held that even crimes occurring in quick succession qualify as separate. See Michel, 446 F.3d at 1134 (three separate crimes "all occurred within a short period of time"); Tisdale, 921 F.2d at 1099 (defendant's three burglaries at three separate businesses in same shopping mall on same night were separate for the purpose of § 924(e)(1)).

In ruling otherwise, the district court relied heavily on Dutch's argument that his drug use rendered him unable to halt his criminal activities. Dutch is correct that we do sometimes consider whether a defendant had the opportunity to cease his conduct in applying § 924(e)(1). But we do so to help determine whether the offenses were in fact distinct in time, rather than as a separate inquiry into the defendant's state of mind. See Michel, 446 F.3d at 1134 (considering the fact that defendant "had the opportunity after assaulting the first officer simply to flee the scene rather than attempting to rob the convenience store and assaulting the second officer"); Tisdale, 921 F.2d at 1098-99 (noting that "[a]fter the defendant successfully completed burglarizing one business, he was free to leave" (quotation omitted)).

4

Moreover, Dutch necessarily admitted that he possessed the requisite mens rea as to each independent robbery by pleading guilty to three separate counts. His voluntary intoxication does not mean that he was denied a meaningful opportunity to cease his conduct. See United States v. Taylor, 454 F.3d 1075, 1081 (10th Cir. 2006) (noting that § 2113(a) is a general intent crime); United States v. Williams, 403 F.3d 1188, 1194 (10th Cir. 2005) (voluntary intoxication is not a defense to general intent crimes).

We also reject Dutch's argument that he did not admit to aiding and abetting the bank robberies on different occasions. Regardless of the facts underlying Dutch's aiding and abetting, the government offered proof that Dutch pled guilty to three counts of substantive bank robbery in violation of 18 U.S.C. § 2113(a). And as explained supra, the indictment demonstrates that the three bank robberies occurred on different dates and at different locations.

Dutch raises two alternative issues that are foreclosed by circuit precedent. See United States v. White, 782 F.3d 1118, 1126-27 (10th Cir. 2015) ("One panel of this court cannot overrule the judgment of another panel absent en banc consideration or an intervening Supreme Court decision that is contrary to or invalidates our previous analysis." (quotation omitted)). We have held that judges may find prior offenses occurred on different occasions without violating the Sixth Amendment. Harris, 447 F.3d at 1305; Michel, 446 F.3d at 1132-33. Subsequent decisions addressing how courts may determine the elements of a prior offense, see, e.g., Mathis v. United States, 136 S. Ct. 2243 (2016), have not undermined that holding.

This court has also already held that bank robbery in violation of § 2113(a) is a violent felony. United States v. McCranie, 889 F.3d 677, 677-78 (10th Cir. 2018).

## III

We **REVERSE** the district court's conclusion that the ACCA does not apply and **REMAND** with instructions to **VACATE** Dutch's sentence and resentence him consistent with this order and judgment.

Entered for the Court

Carlos F. Lucero
Circuit Judge