**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 2, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL ALVARES FYKES,

    Defendant - Appellant.

No. 19-1027
(D.C. Nos. 1:18-CV-00703-RBJ &
1:15-CR-00221-RBJ-1)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

Michael Alvares Fykes, a pro se federal prisoner, seeks a certificate of

appealability (COA) to challenge a district court order that denied his motion to vacate

his felon-in-possession-of-a-firearm sentence.  We deny a COA and dismiss this matter.

We also deny Fykes' motion to proceed in forma pauperis (IFP).

**BACKGROUND**

In February 2015, police in Colorado arrested two men in a car—Fykes, who had

prior felony convictions, and Ron Trueblood—on suspicion of human trafficking.  While

searching the car, police found a backpack that contained a loaded revolver, Fykes'

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

passport, a laptop computer containing one of Fykes' medical documents, a cell phone charger that fit Fykes' cell phones, and miniature cigars similar to those found in the car near Fykes.

Fykes admitted he owned the backpack, but he denied ownership of the handgun. He suggested that Trueblood may have placed the gun in the backpack when he borrowed the pack from Fykes.

In May 2015, a federal grand jury indicted Fykes on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Colorado trafficking and gun charges were dismissed the following month. At some point before Fykes went to trial on the federal gun charge, Trueblood left Colorado and did not return.

In August 2015, following a three-day trial, a jury convicted Fykes as charged. The district court sentenced him to 60 months' imprisonment and 3 years' supervised release. This court affirmed. *See United States v. Fykes*, 678 F. App'x 677 (10th Cir. 2017).

In 2018, Fykes moved pro se under 28 U.S.C. § 2255 to vacate his sentence due to ineffective assistance of trial counsel and cumulative error. The district court denied the motion and declined to issue a COA.

## DISCUSSION
### I. Standards of Review

A COA is a jurisdictional prerequisite to our review of the denial of § 2255 relief. *See United States v. Parker*, 720 F.3d 781, 785 (10th Cir. 2013). To obtain a COA, Fykes must make "a substantial showing of the denial of a constitutional right."

2

28 U.S.C. § 2253(c)(2). This requires Fykes to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Fykes appears pro se, we liberally construe his filings, but we do not act as his advocate. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

## II. Ineffective Assistance of Trial Counsel

To prevail on a claim of ineffective assistance of counsel, a defendant must show both that his counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Fykes advances the following three ineffective-assistance claims.

### A.    Hearsay

First, Fykes claims that defense counsel was ineffective by not objecting on the ground of hearsay when Detective Jason Blanscet testified that during Trueblood's interrogation, Trueblood said the gun belonged to Fykes. The district court did not address this claim, however, as Fykes did not present it in his § 2255 motion. It is axiomatic that a district court cannot be debatably wrong on issues that were not fairly presented to or decided by it. *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012) (denying a COA on issues that were first raised in an appellate reply brief and not presented to the district court); *see also Stouffer v. Trammell*, 738 F.3d 1205, 1221 n.13 (10th Cir. 2013) ("We do not generally consider issues that were not raised before the district court as part of the habeas petition.").

3

**B.      Witnesses**

Second, Fykes claims that his counsel was ineffective by not calling as witnesses Trueblood and attorney Phillip Dubois, who represented Fykes in his Colorado criminal proceedings. Dubois executed an affidavit in support of Fykes' § 2255 motion stating he overheard Trueblood in March 2015 admit that the gun was his.

The district court concluded that Fykes' trial counsel did not perform deficiently as to either Trueblood or Dubois. Regarding defense counsel's decision to not call Trueblood as a witness, the district court noted that roughly two months before trial, a defense investigator successfully reached Trueblood by phone. Trueblood was reluctant to speak with the investigator, but Trueblood indicated he was homeless and "moving from location to location in Minnesota." R., Vol. III at 51. Also, he denied ever borrowing a backpack from Fykes and adamantly stated that the gun was not his and that he knew nothing about it.

Based on these facts, the district court determined that defense counsel made an objectively reasonable strategic decision to not call Trueblood as a witness. *See United States v. Holloway*, 939 F.3d 1088, 1103 (10th Cir. 2019) ("To be constitutionally deficient, counsel's performance must have been completely unreasonable, not merely wrong, so that it bears no relationship to a possible defense strategy." (internal quotation marks omitted)). We agree. Trueblood's statements would have been very damaging to Fykes' defense, as they directly refuted Fykes' theory about how a gun supposedly belonging to Trueblood got into Fykes' backpack.

4

Granted, during the phone call with the investigator, Trueblood denied telling Detective Blanscet that the gun "must be[long]" to Fykes. R., Vol. III at 53 (internal quotation marks omitted). But that denial would not have measurably assisted Fykes, given that Trueblood asserted the gun was not his, thereby suggesting by the process of elimination that it "must be[long]" to Fykes. We conclude that reasonable jurists could not debate the district court's determination that Fykes' counsel did not perform deficiently by not calling Trueblood as a witness.[1]

As for defense counsel not calling Dubois as a trial witness, the district court noted, among other things, that there was no evidence defense counsel was aware that Dubois had overheard anything about who the gun belonged to. Indeed, Dubois executed his affidavit in March 2018—nearly two-and-a-half years after Fykes' trial. "We evaluate conduct from counsel's perspective at the time, not in hindsight." *Hooks v. Workman*, 689 F.3d 1148, 1189 (10th Cir. 2012). Reasonable jurists could not debate the district court's determination that Fykes' counsel did not perform deficiently by not calling Dubois as a witness.

---

[1] Fykes appears to take issue with the district court's additional determination that no prejudice resulted from Trueblood not being called as a witness. We need not reach *Strickland*'s prejudice prong because we have already concluded that the district court's deficient-performance analysis is not debatable. *See Strickland*, 466 U.S. at 700 ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.").

## C.     The Presentence Investigation Report (PSR)

Fykes claims that defense counsel was ineffective by not objecting before sentencing to human-trafficking references in the PSR.[2]  Fykes argues that he was not convicted of trafficking and that he has been prejudiced by trafficking references because they affect "[t]he outcome of [his] efforts for rehabilitation and custody classification." Combined Opening Br. & Appl. for COA at 9.  The district court denied the claim, simply stating that defense counsel did not provide ineffective assistance.

We conclude that reasonable jurists could not debate the district court's determination.  Fykes has identified no ground on which defense counsel could have blocked accurate references in the PSR to the background criminal activity that led to his arrest and ultimate conviction for unlawfully possessing a firearm.  *Cf. United States v. Harris*, 447 F.3d 1300, 1306 (10th Cir. 2006) (indicating that a defendant's failure to challenge the factual accuracy of a PSR allows a district court to rely on undisputed portions as factual findings); *United States v. Mateo*, 471 F.3d 1162, 1167 (10th Cir. 2006) (stating that "no limitation should be placed on the information concerning the background, character, and conduct of a person for the purpose of imposing an appropriate sentence" (alterations and internal quotation marks omitted)).  Counsel is not

---

[2] Defense counsel did file a *post*-sentencing motion to remove from the PSR "the uncharged and unproven pimping allegations" so the Bureau of Prisons "would have to reclassify [Fykes'] custody score and re-designate him to a minimum security facility." R., Vol. I at 134.  The district court ultimately dismissed that motion for lack of jurisdiction as directed by this court in *United States v. Fykes*, 733 F. App'x 950, 953 (10th Cir. 2018).

ineffective for failing to raise a meritless objection. *See Sperry v. McKune*, 445 F.3d 1268, 1275 (10th Cir. 2006).

### III. Cumulative Error

Finally, Fykes "argues that cumulative error analysis is appropriate because the Tenth Circuit has already recognized one harmless error in MR. FYKES and the petitioner has raised both related and unrelated claims in his § 2255 [motion]." Combined Opening Br. & Appl. for COA at 9.[3] The district court did not mention Fykes' cumulative error argument. In any event, Fykes provides no clarity regarding the basis for his argument, and we will not construct arguments for him. *See Gallagher*, 587 F.3d at 1067. In short, Fykes identifies no discernible basis on which to obtain a COA on the ground of cumulative error. *See United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) (declining to consider "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation" (internal quotation marks omitted)).

### CONCLUSION

We deny Fykes' request for a COA and dismiss this matter. We also deny Fykes' motion to proceed IFP as Fykes has not asserted a reasoned, nonfrivolous argument in support of his position. *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) ("[I]n order to succeed on a motion to proceed IFP, the movant must show a

---

[3] In Fykes' direct appeal, this court identified *two* non-prejudicial errors: (1) the jury instruction defining constructive possession failed to include the element of "intent to exercise dominion or control over the handgun," *Fykes*, 678 F. App'x. at 679; and (2) the "district court procedurally erred by departing from the applicable sentencing range without providing the necessary notice," *id.* at 687.

7

financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action."). Finally, we deny Fykes' "Motion for Limited Remand."

Entered for the Court


Nancy L. Moritz
Circuit Judge