**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 11, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL L. RIGGS,

Defendant-Appellant.

No. 08-3114

(D. of Kan.)

(D.C. No. 2:07-CR-20095-JWL-1)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Michael L. Riggs brings this direct appeal challenging the 180-month

sentence imposed by the district court and the court's application of the Armed

Career Criminal Act (ACCA). He contends (1) the district court erred by failing

to have a jury perform the requisite analysis of his prior convictions under the

ACCA, and (2) the mandatory minimum sentence imposed violates his

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Constitutional rights.  Because Riggs proffers no arguments of merit, we AFFIRM.

## I.  Background

In 2007, Riggs was indicted in the United States District Court for the District of Kansas on the charge of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e).  Riggs subsequently pleaded guilty.

A presentence report (PSR) detailed Riggs's prior felony convictions.  In particular, the PSR indicated that Riggs had previously been convicted in 1986 on two counts of first-degree robbery and in 2000 for second-degree burglary.  As a result, the government contended these three prior convictions qualified Riggs for the mandatory minimum sentencing provisions of the ACCA under 18 U.S.C. § 924(e)(1).[1]

Prior to sentencing, Riggs submitted a memorandum challenging the application of the ACCA to his 1986 convictions for armed robbery on two fronts.  First, he asserted that these two convictions stemmed from a three-day robbery spree and were thus part of a single criminal episode.  Second, he argued that the determination of whether the robberies were "committed on occasions different

---

[1] Section 924(e)(1) states: "In the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony . . . committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years . . . ."

from one another," as required by § 924(e)(1), was a fact question to be resolved by a jury rather than by the judge at sentencing.

At sentencing, Riggs renewed these same objections. The district court noted the objections, but determined that these "arguments were foreclosed by existing Tenth Circuit precedent." R., Vol. II, at 30. The district court concluded it had the authority to perform the necessary analysis and to apply the ACCA to Riggs's prior convictions. The court then held the two robbery convictions were separate and distinct under the ACCA, and when counted along with his prior second-degree burglary conviction, Riggs was subject to the mandatory minimum sentence prescribed by § 924(e)(1) of 180 months' imprisonment.

Riggs now brings this appeal.

## II. Discussion

Riggs makes four distinct claims on appeal: (1) the district court erred when it, rather than a jury, determined his prior conviction on two counts of first-degree robbery was actually two separate and distinct convictions under the ACCA; (2) the recidivist goals of the ACCA are not furthered by counting these convictions separately; (3) the mandatory minimum sentence as prescribed by the ACCA violates "society's evolving standard of decency" and therefore runs afoul of the Eight Amendment's proscription of cruel and unusual punishment; and (4) the district court violated his Fifth Amendment Due Process rights by imposing a

mandatory minimum sentence under the ACCA.  We discuss each in turn below and reject his contentions.

### A.  *Prior Conviction Exception*

First, Riggs argues the district court violated his Fifth and Sixth Amendment rights when it determined his prior conviction on two counts of first-degree robbery was actually two separate and distinct convictions for ACCA purposes.[2]  In particular, he challenges the continued vitality of the prior conviction exception and contends that in light of *Shepard v. United States*, 544 U.S. 13 (2005), a jury rather than a judge should have conducted the ACCA analysis.  We disagree.

We review an ACCA sentence enhancement pursuant to § 924(e)(1) de novo.  *United States v. Moore*, 401 F.3d 1220, 1226 (10th Cir. 2005).  The ACCA applies where the defendant "has three previous convictions . . . for a violent felony . . . committed on occasions different from one another."  *United States v. Harris*, 447 F.3d 1300, 1303 (10th Cir. 2006) (quoting § 924(e)(1)).  Therefore, the "imposition of the ACCA requires: (1) that at least three prior convictions exist, (2) that those convictions were either for a violent felony or a serious drug

---

[2]  On appeal, Riggs does not challenge the classification of his 2002 second-degree burglary conviction as a violent felony under the ACCA. Consequently, we only address his Fifth and Sixth Amendment arguments in the context of his prior armed robbery convictions.

offense, and (3) that the prior offenses were committed on different occasions from one another." *Id.*

As an initial matter, we summarily reject Riggs's broader argument that the prior conviction exception is in decline, "no longer viable[,] and on the path to being vacated." Aplt. Br. at 14. Under the prior conviction exception to the *Apprendi* rule, the existence of a defendant's prior conviction for a crime does not have to be tried to a jury. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (emphasis added)). This exception was reaffirmed in *United States v. Booker*: "Any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum . . . must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. 220, 244 (2005) (emphasis added).[3]

---

[3] We have repeatedly stated "[u]nless and until the Supreme Court determines otherwise, we will continue to follow applicable precedent," including our precedent which holds the application of the ACCA is a question for the sentencing court which need not be tried to a jury. *Harris*, 447 F.3d at 1303 n.1 (stating that despite "recent doubts expressed by some members of the Supreme Court," the prior conviction exception remains applicable circuit precedent); *United States v. Michel*, 446 F.3d 1122, 1133 n.4 (10th Cir. 2006) (rejecting the argument that the prior conviction exception laid out in *Apprendi*, which found its genesis in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), is in decline); *Moore*, 401 F.3d at 1224 ("Although the Court may overrule *Almendarez-Torres* at some point in the future, it has not done so, we will not presume to do so for the Court, and we are bound by existing precedent . . . .").

Riggs's narrower argument that "only a jury can make findings that increase the statutory maximum" is similarly without merit. Aplt. Br. at 12. We have previously held "all three elements of the ACCA are properly assessed by the sentencing court." *Harris*, 447 F.3d at 1303. First, in *Moore*, we held the requisite existence and number of prior convictions under the ACCA are not facts that must be charged to the jury. *Moore*, 401 F.3d at 1226. Second, "[i]t is a question of law whether a felony meets the statutory definition of a 'violent felony,' and such a question does not trigger the Sixth Amendment concerns." *Id.* at 1225. Finally, in *Michel,* we held the determination of whether prior convictions occurred on different occasions was not a jury issue and could properly be made by a sentencing judge. 446 F.3d at 1133.

Riggs nevertheless contends the line of Supreme Court jurisprudence since *Apprendi*, and especially in light of *Shepard*, necessarily signals a rule that only a jury can determine whether two prior convictions are distinct under the ACCA analysis. We previously considered this argument in both *Michel* and *Harris* and, cognizant of *Shepard*, held that "whether prior convictions happened on different occasions from one another is not a fact required to be determined by a jury but is instead a matter for the sentencing court." *Harris*, 447 F.3d at 1303; *Michel*, 446 F.3d at 1133. Because we are "bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court,"

we reject Riggs's contention. *United States v. Mitchell*, 518 F.3d 740, 752 n.14 (10th Cir. 2008).

Riggs also contends that, under *Shepard*, the distinct and separate nature of his prior convictions must be obvious from the face of the prior judicial record or otherwise admitted by the defendant.[4] According to Riggs, because the government failed to present any *Shepard*-approved judicial records from the prior robbery convictions, the district court could not properly enhance his sentence under the ACCA. However, Riggs only objected to the legal conclusions in light of the PSR—namely that his conviction on two counts of first-degree robbery was a single occurrence and not two separate and distinct convictions. Riggs failed to object to the factual contents of the PSR. *Harris*, 447 F.3d at 1306 ("Criminal Procedure Rule 32 requires the defendant to affirmatively point out any fact in the PSR that he contends is inaccurate. Absent an objection to the PSR, the district court may accept any undisputed portion of the presentence report as a finding of fact. . . . Thus, the district court could properly rely on the PSR to conclude that his prior crimes were separate [under the ACCA]." (citations and internal quotation marks omitted)). Therefore, the sentencing court

---

[4] Under *Shepard*, "a district court enhancing a defendant's sentence for prior convictions under the ACCA may examine such sources as 'the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" *Harris*, 447 F.3d at 1305 (quoting *Shepard*, 544 U.S. at 16).

here was entitled to use the undisputed facts within the PSR to perform the requisite analysis under the ACCA.

Nevertheless, we must still determine whether the district court erred in actually finding Riggs's two prior robbery convictions were separate and distinct. Two convictions are distinct if they "arise from separate criminal transactions." *Michel*, 446 F.3d at 1134 (quoting *United States v. Tisdale*, 921 F.2d 1095, 1098 (10th Cir. 1990)).  In particular, multiple offenses must be "distinct in time" to be considered separate convictions under the ACCA.  *Tisdale*, 921 F.2d at 1098–99 (focusing on the "occasions different from one another" language of the ACCA).[5]

---

[5] In *Tisdale*, the defendant committed three burglaries on the same date in the same general location.  921 F.2d at 1098 ("The defendant broke into a shopping mall and burglarized two private businesses and a post office located inside the shopping mall.").  However, just because the burglaries took place on the same night at the same general location did not necessarily require the court to find a single criminal episode had occurred.  *Id.*  Rather, in holding the defendant's three burglary convictions were distinct under the ACCA, we stated:

> Here, it is clear the defendant could not simultaneously burglarize three separate businesses. . . .  After the defendant "successfully completed" burglarizing one business, he was free to leave.  The fact that he chose, instead, to burglarize another business is evidence of his intent to engage in a separate criminal episode.  Moreover, . . . the defendant's burglaries did not occur at the same location.  The record shows that although defendant entered one shopping mall he had to physically break and enter three separate structures.  The fact each incident occurred inside one enclosed structure does not alter our conclusion that the crimes were committed at different locations.

*Id.* at 1099.

Here, the factual details of Riggs's prior conviction on two counts of first-degree robbery, contained within the undisputed PSR, are sufficient to support the district court's finding of separateness. According to the PSR, on one count of armed robbery that took place on November 29, 1985, Riggs pleaded guilty to "forcibly t[aking] money from Peter Oil Company . . . with the use of a weapon." R., Vol. III, ¶ 32. On the other count, Riggs pleaded guilty to having committed the "armed robbery of a Town and Country Market" on December 1, 1985. *Id.* ¶ 34.

Riggs's argument that this "robbery spree" was a single criminal episode is untenable. These facts, even more starkly than those in *Tisdale*, illustrate the separate and distinct nature of Riggs's two prior convictions. First, these armed robberies were far more "distinct in time" as they took place on two separate days. Second, after Riggs completed the first armed robbery, he was free to end his crime spree. Instead, he chose to commit the second armed robbery a full two days later. Finally, the robberies took place at two separate locations—one at "Peter Oil Company" and the other at "Town and Country Market." Riggs presents no plausible argument as to how these two robberies did not "arise from separate criminal transactions" worthy of distinct treatment under the ACCA.

*B. Riggs's Other Contentions*

Riggs's remaining contentions on appeal are similarly unavailing. As an initial matter, although Riggs objected to the application of the ACCA to his

robbery convictions in his sentencing memorandum and at sentencing, he failed to raise any of his remaining three arguments. Consequently, we review these challenges to the district court's ACCA application for plain error. *United States v. Taylor*, 413 F.3d 1146, 1153 (10th Cir. 2005) ("Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings.").

Riggs first makes an argument more about policy than law. Without citing any controlling authority, he contends the district court's conclusion that his prior convictions for robbery were separate and distinct violates the recidivist goals of the ACCA by failing to require an *intervening* conviction. Riggs argues the sparse legislative history of the ACCA implicates a need for an intervening conviction for any two prior convictions to be considered separate and distinct. But he fails to cite any authority that persuades us the ACCA was necessarily limited in this way. Because our controlling precedent is clear on how to determine whether two convictions are distinct—i.e., they "arise from separate criminal transactions" and are for offenses "distinct in time"—the district court did not commit any obvious error. Therefore, Riggs's contention fails the first two steps of plain error review and this argument is without merit.

Second, Riggs asserts the district court's imposition of a mandatory minimum sentence under the ACCA violated his Eighth Amendment right to be

free from cruel and unusual punishment.  He cites the American Bar Association's

Standards for Criminal Justice,[6] which he then argues evince "our society's

evolving standards" and that his mandatory minimum sentence under the ACCA

"violates the Eighth Amendment."  Aplt. Br. at 20.  As further evidence, he makes

oblique references to a commission recommendation as well as to a Supreme

Court dissent which argued for an abolishment of mandatory minimum sentences.

We, as well as every other circuit to consider such Eighth Amendment challenges,

have found mandatory minimums under the ACCA constitutional and not cruel

and unusual punishment.  *See United States v. Angelos*, 433 F.3d 738, 750–53

(10th Cir. 2006) (finding mandatory minimum sentences "were intended by

Congress to (a) protect society by incapacitating those criminals who demonstrate

a willingness to repeatedly engage in serious felonies while in possession of

firearms, and (b) to deter criminals from possessing firearms during the course of

certain felonies" and noting "both of these penological theories have been held by

---

[6] *See* ABA Standards for Criminal Justice: Sentencing (3d ed. 1994).  For example, the ABA Standards posit:

> The legislature should ensure that maximum authorized levels of severity of sentences and presumptive sentences are consistent with rational, civilized, and humane values. Sentences authorized and imposed, taking into account the gravity of the offenses, should be no more severe than necessary to achieve the societal purposes for which they are authorized.

*Id.* at Standard 18-2.4; *see also id.* at Standard 18-3.21(b) ("A legislature should not prescribe a minimum term of total confinement for any offense.").

-11-

the Supreme Court to be valid and subject to deference by the courts"); *United States v. Tenderholt*, 149 F. App'x 805, 810–11 (10th Cir. Sept. 23, 2005) ("[E]very circuit that has addressed an Eighth Amendment challenge to a sentence imposed under the ACCA has upheld it. . . . [T]he Supreme Court expressly recognized that prior convictions are relevant to the sentencing decision. . . . Notably, in enacting the ACCA, Congress chose to respond to this precise type of scenario by infusing federal law enforcement into efforts at curbing and incapacitating armed, habitual (career) criminals." (citations and quotations omitted)); *see also United States v. Helm*, 502 F.3d 366 (5th Cir. 2007).[7] The law

---

[7] In *Helm*, the Fifth Circuit dealt with the same argument and rejected it stating:

> [Defendant] argues that the application of § 924(e) to him amounts to a punishment grossly disproportionate to the crime committed. In *Harmelin v. Michigan*, the Supreme Court upheld a mandatory life sentence without the possibility of parole for one drug conviction in the face of an Eighth Amendment challenge. There the Court recognized that "severe, mandatory penalties may be cruel, but they are not unusual in the constitutional sense, having been employed in various forms throughout our Nation's history." . . . [Defendant's] is not a life sentence, and his enhancement is based on his involvement in a series of "violent felonies." . . . [I]t is clear that the application of the ACCA to . . . [the Defendant] does not violate the Eighth Amendment. In so holding, we join the other circuits that have considered an Eighth Amendment challenge to the ACCA. *See, e.g.*, *United States v. Reynolds*, 215 F.3d 1210, 1214 (11th Cir. 2000) (upholding ACCA against Eighth Amendment challenge); *United States v. Cardoza*, 129 F.3d 6, 18 (1st Cir. 1997) (same); *United States v. Rudolph*, 970 F.2d 467, 469–70 (8th Cir.1992) (same); *United States v. Crittendon*, 883 F.2d 326, 331 (4th Cir. 1989) (same); *United States v. Pedigo*, 879 F.2d 1315, 1320 (6th Cir. 1989) (same); *United States v.*

(continued...)

is clear on this issue and the district court did not commit plain error.

Finally, Riggs argues the district court erred in applying the ACCA mandatory minimum sentence because he was denied the benefit of individualized sentencing. According to Riggs, the district court violated his due process rights when it failed to exercise its discretion and failed to consider all the "characteristics—related to the person and offenses—that constitute the make-up and personality of Michael Riggs and the facts of the crimes of which he had been convicted; and without utilizing its training, experience, and conscience." Aplt. Br. at 26.

Like his arguments above, we have previously rejected similar due process contentions. In *United States v. Hatch*, we found:

> Hatch also contends that the mandatory sentence imposed by section 924(c) violates his constitutional rights. . . . [T]he gravamen of his contention is not that the sentence is disproportionate to the crime, but that the sentence is disproportionate in this case because the mandatory term removes the judge's sentencing discretion. Hatch is in substance attacking the mandatory sentence on due process grounds. The circuits which have specifically addressed this argument have rejected it. *See United States v. Hamblin*, 911 F.2d 551, 555–56 (11th Cir. 1990); *United States v. Wilkins*, 911 F.2d 337, 339–40 (9th Cir. 1990); *United States v. Goodface*, 835 F.2d 1233, 1236–37 (8th Cir. 1987). These opinions base their decisions on Supreme Court cases stating that the authority to define and fix the punishment for felony convictions is purely a matter of legislative prerogative, and that the

---

[7](...continued)
*Dombrowski*, 877 F.2d 520, 526 (7th Cir. 1989) (same); *United States v. Baker*, 850 F.2d 1365, 1372 (9th Cir. 1988) (same).

502 F.3d at 368–69 (citations and quotations omitted).

prevailing practice of individualizing sentencing determinations generally reflects simply enlightened policy rather than a constitutional imperative. . . . The Supreme Court has clearly indicated that a mandatory minimum sentence which dictates the precise weight a particular factor must be given is not unconstitutional. Accordingly, we conclude that the mandatory sentence imposed by section 924(c) does not deny due process.

925 F.2d 362, 363 (10th Cir. 1991) (citations omitted); *see also United States v. Butters*, 267 F. App'x 773, 777 (10th Cir. Feb. 29, 2008) ("There is . . . no due process right to a discretionary, individualized sentence in a noncapital case." (quotation marks omitted)). Like § 924(c), § 924(e) is the result of Congressional prerogative and its mandatory minimum sentences are based on a "precise weight [of] particular factor[s]." *Hatch*, 925 F.2d at 363. Therefore, the district court did not commit plain error with respect to Riggs's due process rights in its application of the ACCA.

## III. Conclusion

For the foregoing reasons we conclude the district court did not err in finding Riggs's three prior convictions were distinct, violent felonies under the ACCA and in imposing the commensurate mandatory minimum sentence of 180 months' imprisonment. Therefore, we AFFIRM the district court's judgment and sentence.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

-14-