# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1695

_____

United States of America,          *
                                   *
          Appellee,                *
                                   *    Appeal from the United States
     v.                            *    District Court for the
                                   *    Eastern District of Missouri.
Joseph Allen Akens,                *
                                   *
          Appellant.               *

_____

Submitted: December 16, 2009
Filed: April 13, 2010

_____

Before LOKEN,[1] Chief Judge, ARNOLD and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Joseph Allen Akens and the government agreed to waive their rights to appeal if the district court[2] sentenced him to 140 months. Akens pled guilty to being a felon in possession of a firearm, and possessing marijuana with intent to distribute. Akens

---

[1]The Honorable James B. Loken stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2010. He has been succeeded by the Honorable William Jay Riley.

[2]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

moved (unsuccessfully) to withdraw his plea, and was later sentenced to 140 months. He appeals, claiming the district court should have allowed him to withdraw his guilty plea, and asserting other sentencing errors. Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, this court affirms.

I.

A confidential informant called Hank Hurt to buy marijuana; Hurt said he was getting more soon. Police placed Hurt under surveillance, following him as he drove with his girlfriend to defendant Akens's house. Leaving there minutes later, Hurt called the informant, saying he had marijuana. Surveillance officers pulled him over and found marijuana. Both Hurt and his girlfriend stated they bought it from Akens. A state judge issued a search warrant for Akens's house based on the affidavit of one of the surveillance officers.

Police searching Akens's house seized 877.9 grams of marijuana from his freezer, 15.9 grams of marijuana from a kitchen drawer, digital scales from the living room, and two loaded firearms from his bedroom. After receiving *Miranda* warnings, Akens admitted all the items were his, and that he was selling the marijuana.

An indictment charged him with being a felon in possession of a firearm (Count I), possessing marijuana with intent to distribute (Count II), and possessing a firearm in furtherance of drug trafficking (Count III). *See* 18 U.S.C. § 922(g)(1); 21 U.S.C. § 841(a)(1); 18 U.S.C. § 924(c)(1).

Akens moved to suppress the evidence seized from his house, arguing the search warrant lacked probable cause. Akens contended that the officer's affidavit did not specify the distance from the surveillance officers, and did not discuss the reliability of the confidential informant. The district court denied the motion to suppress. Akens parted ways with his first attorney, and later entered into a plea agreement.

By the plea agreement, Akens would plead guilty to Counts I and II, and in exchange the government would move to dismiss Count III. Both parties agreed to recommend a sentence of 140 months imprisonment, and if that was not within the guideline range, a variance. Both parties also agreed not to appeal if the district court sentenced Akens to 140 months. The plea agreement states:

C. Waiver of Post-Conviction Rights:

(1) Appeal: The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

. . . .

(b) Sentencing Issues: In the event the Court accepts the plea and, in sentencing the defendant, 1) applies the recommendations agreed to by the parties herein, and 2) after determining a Sentencing Guideline range, sentences the defendant within that range, then, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all sentencing issues, including any issues relating to the determination of the Total Offense Level, the Criminal History Category, Career Offender status and Armed Career Criminal Status.

The district court accepted the guilty plea. Three days before sentencing, Akens moved pro se to discharge his second attorney (who was later allowed to withdraw). Akens hired his present attorney, and moved to withdraw his guilty plea. The district court denied this motion.

At sentencing, the district court adopted a guideline range of 140 to 175 months. This range was based on a total offense level of 28 – including a four-level enhancement for possessing firearms in connection with another felony offense – and a criminal history category of VI, due to the career offender provisions of U.S.S.G. § 4B1.1. The court sentenced Akens to 140 months pursuant to the plea agreement.

## II.

Akens contends the district court erred by denying his motion to withdraw his guilty plea.  He further asserts the court erred in assessing the four-level firearm enhancement, and in finding he was a career offender.

## A.

"A guilty plea is a solemn act not to be set aside lightly." *United States v. Maxwell*, 498 F.3d 799, 801 (8th Cir. 2007).  "A defendant may withdraw a guilty plea after the court accepts the plea, and before sentencing if he demonstrates a fair and just reason for the withdrawal." *Id.* at 800 (internal quotations omitted). *See also* **Fed. R. Crim. P. 11(d)(2)(B)**.  "The district court may also consider any assertions of legal innocence, the amount of time between the plea and the motion to withdraw, and the prejudice to the government in granting the motion," but need not consider additional factors if the defendant fails to show a fair and just reason. *Maxwell*, 498 F.3d at 801.  This court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion. *See id.*; *United States v. Mugan*, 441 F.3d 622, 630 (8th Cir. 2006).

Akens maintains the district court abused its discretion because two fair and just reasons exist for withdrawing his plea: as to Count I, he was not previously convicted of a felony, and as to Count II, he did not receive a *Franks* hearing.

## 1.

Akens asserts he was not convicted of a felony for purposes of § 922(g)(1).  He observes that his Oklahoma felony conviction was expunged.  As for his Missouri felony conviction, he claims his civil rights were restored.

Akens was convicted in Missouri of possession of a controlled substance with the intent to distribute (according to the judgment in the appendix, and the specific finding of the district court). *See* Mo. Rev. Stat. 195.211. Any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year [shall not] ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or . . . receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1).

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20). Akens argues that Missouri restored his civil rights, eliminating his Missouri drug conviction as a predicate for § 922(g)(1).

This court rejected Akens's argument in *United States v. Brown*, 408 F.3d 1016, 1017 (8th Cir. 2005):

> Missouri automatically restores some civil rights, such as voting (upon release from confinement) and holding office (upon completion of sentence). *See* Mo. Rev. Stat. §§ 561.016, 561.026(1), 561.021.2. However, felons may not serve as jurors, sheriffs, highway patrol officers, state fire investigators or employees, state lottery licensees or employees, or manage, conduct or operate bingo games. *See* Mo. Rev. Stat. §§ 494.425(4), 540.045(1), 561.026(3), 57.010.1, 43.060.1, 320.210, 313.245, 313.255.6(2), 313.035.1(1); Mo. Const. Art. III, sec. 39(a)(3)(e). Moreover, felons face statutory hurdles to being licensed in

-5-

many occupations and professions. *See* Appendix A to this opinion [408 F.3d at 1019].

Because Missouri withholds substantial civil rights, Brown has not been restored to sufficient civil rights in order to invoke section 921(a)(20).

Under *Brown*, Akens's Missouri conviction is a sufficient predicate for his § 922(g)(1) conviction.[3]

2.

Akens stresses that he never received a *Franks* hearing. "[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." ***Franks v. Delaware***, 438 U.S. 154, 155-56 (1978).

Akens was not entitled to a *Franks* hearing because he did not make a substantial preliminary showing. After pleading guilty, Akens filed a memorandum of law broadly alleging the "warrant affidavit was defective due to misrepresentations and omissions," but did not identify any false statements by the officer that require a *Franks* hearing. Akens had already challenged the officer's affidavit – arguing it did not establish probable cause – in his motion to suppress, which was denied.

Neither of Akens's reasons for withdrawing his plea is fair and just. Thus, the district court did not abuse its discretion in denying his motion to withdraw the plea. *See **Maxwell***, 498 F.3d at 800-02.

---

[3]Because the Missouri felony conviction is sufficient, this court need not address the Oklahoma felony conviction.

B.

Akens contends that the district court erred in assessing a four-level sentencing enhancement for possession of firearms in connection with another felony offense, and in finding he was a career offender. The government asserts Akens waived his right to appeal these issues.

A defendant may waive his right to appeal. *See, e.g.*, *United States v. McIntosh*, 492 F.3d 956, 959 (8th Cir. 2007). This court "will generally enforce such a waiver as long as the appeal falls within the scope of the waiver, and the defendant's accession to the plea agreement and the waiver was knowing and voluntary." *United States v. Azure*, 571 F.3d 769, 772 (8th Cir. 2009). This court reviews de novo the interpretation and enforcement of plea agreements. *See United States v. Has No Horses*, 261 F.3d 744, 750 (8th Cir. 2001). This court also reviews de novo the waiver of the right to appeal a sentence. *See Azure*, 571 F.3d at 772.

Akens's sentencing appeals are within the scope of the waiver. He waived his right to appeal "all sentencing issues, including any issues relating to the determination of the Total Offense Level, the Criminal History Category, Career Offender status and Armed Career Criminal status" *if* he received a 140-month sentence.

Akens's waiver was knowing and voluntary. The plea agreement stated he had "been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742." The district court carefully explained the waiver at the plea hearing, and Akens repeatedly confirmed he understood.

This court "recognizes a narrow exception to the enforcement of waivers when enforcement would result in 'a miscarriage of justice.'" *Azure*, 571 F.3d at 772.

-7-

Enforcing Akens's plea agreement is not a miscarriage of justice. Akens received a sentence of 140 months. Had he gone to trial, he could have received ten-year sentences on Counts I and II, and a life sentence on Count III.

Akens knowingly and voluntarily waived his rights to appeal the firearm enhancement and the career offender status in exchange for the 140-month sentence. Plea agreements are contractual; the parties generally must fulfill their obligations. *See* ***United States v. Fowler***, 445 F.3d 1035, 1037 (8th Cir. 2006). Accordingly, these sentencing issues are dismissed.

III.

The judgment of the district court is affirmed.

_____