FILED
United States Court of Appeals
Tenth Circuit

February 2, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIREECE COLE-JACKSON,

Defendant - Appellant.

No. 10-6156

(W.D. Oklahoma)

(D.C. No. 5:09-CR-00345-R-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Accordingly, we grant the parties' requests and order the case submitted without oral argument.

## I. INTRODUCTION

Tireece Cole-Jackson pleaded guilty to a single count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court concluded Cole-Jackson had three qualifying prior felonies under the Armed Career Criminal Act ("ACCA") and was, therefore, subject to a fifteen-year minimum-mandatory sentence. 18 U.S.C. § 924(e)(1). On appeal, Cole-Jackson asserts the district court erred in counting as an ACCA-qualifying conviction his 1995 Oklahoma state conviction (CF-1995-1347) for possession of cocaine with intent to distribute. Although he was certified as an adult for purposes of resolving those charges, Cole-Jackson claims it was improper to count CF-1995-1347 because he was a juvenile at the time of the commission of the crime. He further contends the fifteen-year sentence imposed by the district court amounts to cruel and unusual punishment in violation of the Eighth Amendment. This court exercises jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and **affirms** the district court's judgment.

## II. BACKGROUND

The events leading to Cole-Jackson's arrest and prosecution on gun charges began with a drug deal in Oklahoma City, Oklahoma. Cole-Jackson's girlfriend, Jennifer Arnett, received a telephone call from one of her regular customers seeking to purchase crack cocaine. Cole-Jackson and Arnett drove to a prearranged rendevous point to complete the drug transaction. Unbeknownst to Arnett, her regular customer was a police confidential informant. As soon as the parties completed the drug transaction, police officers arrested Cole-Jackson and Arnett. Police officers discovered a loaded semiautomatic pistol, with ten rounds

of ammunition in the magazine, in the waistband of Cole-Jackson's pants. A federal grand jury indicted Cole-Jackson on one count of knowingly possessing the firearm and ammunition after having been previously convicted of a felony. 28 U.S.C. § 922(g)(1). Cole-Jackson entered a plea of guilty to the § 922(g)(1) charge.

At sentencing, the parties vigorously contested whether Cole-Jackson was subject to the enhanced penalties set out in the ACCA. 18 U.S.C. § 924(e)(1). Cole-Jackson conceded he had two qualifying convictions, but asserted CF-1995-1347 did not qualify because he was a minor at the time he committed the crime. He further asserted the ACCA would be unconstitutional as applied to him if the district court were to interpret it to embrace criminal convictions committed by minors as qualifying convictions for purposes of applying the fifteen-year minimum-mandatory sentence set out in § 924(e)(1). As support for this assertion, Cole-Jackson cited the Eighth Amendment's Cruel and Unusual Punishment Clause. In response, the United States noted that although a juvenile at the time of the commission of CF-1995-1347, Cole-Jackson was prosecuted as an adult and was certified under Oklahoma state law to stand trial as an adult. Because Cole-Jackson was convicted as an adult of a serious drug crime, the United States asserted CF-1995-1347 fell within the purview of the ACCA. Finally, the United States noted federal courts have routinely rejected the argument that the Eighth Amendment bars the application of an ACCA-enhanced

-3-

penalty because predicate felonies occurred when the defendant was a juvenile. The district court rejected Cole-Jackson's arguments, varied downward from the advisory Guidelines range, and sentenced Cole-Jackson to the applicable ACCA minimum-mandatory sentence of fifteen-years' imprisonment.

## III. DISCUSSION

*A. Is CR-1995-1347 a Qualifying Prior Felony for Purposes of the ACCA?*

This court recently rejected the exact argument advanced by Cole-Jackson on appeal. *United States v. Johnson*, No. 10-6066, 2010 WL 4304114, at \*4-\*6 (10th Cir. Nov. 2, 2010). In *Johnson*, the defendant contended a prior Missouri conviction did not qualify as an ACCA predicate felony because he was seventeen at the time he committed the crime, even though he was tried and convicted as an adult. *Id.* at \*5. This court rejected Johnson's argument, holding as follows:

> Under Missouri law, defendant Johnson was classified as an adult for the offenses he committed at age 17 because of the nature of the charges. On the other hand, as Mr. Johnson points out, federal law considers a person under 18 to be a juvenile. 18 U.S.C. § 5031. Federal law would treat the two Missouri offenses as acts of juvenile delinquency, defendant argues, and under the ACCA definition . . . they would not qualify as predicate offenses.
>
> Defendant Johnson submits the federal definition of juvenile should be used to determine whether a predicate offense meets the definition of such a conviction under the ACCA. He says that using the federal definition of juvenile will promote uniformity in application of the ACCA and is consistent with the Supreme Court's categorical approach. . . . This argument fails because it is clear that federal law does not determine whether the Missouri convictions, or either of them, qualify as "previous convictions" under the ACCA. The ACCA appears in Chapter 44 of Title 18. Section 921 provides

the definitions applicable to that chapter. And that section provides this definition: "What constitutes a conviction of [a crime punishable by imprisonment for a term more than one year] *shall be determined in accordance with the law of the jurisdiction in which the proceedings were held*." 18 U.S.C. § 921(a)(20) (emphasis added). This provision has been described by the Supreme Court as a "choice-of-law clause." *Beecham v. United States*, 511 U.S. 368, 369 (1994). Therefore, because Missouri treated the offenses of conviction as felony crimes, *i.e.*, treated Mr. Johnson as an adult, those convictions were properly counted as predicate offenses under the ACCA.

> Our holding today is in accord with our holding in the unpublished case of *United States v. Wilson*, 95 F. App'x 970, 974 (10th Cir. 2004), *vacated on other grds*., 543 U.S. 1103 (2005), and the reasoning of *United States v. Lender*, 985 F.2d 151 (4th Cir. 1993), and *United States v. Cure*, 996 F.2d 1136 (11th Cir. 1993). We have found no decision by any federal court to the contrary. Mr. Johnson's arguments are unavailing in light of the clarity of the statutory provisions at issue.

*Id.* at *5-*6 (footnote omitted). The conclusion in *Johnson* that the ACCA embraces prior felony convictions in which the defendant was treated as an adult, even if the defendant was a juvenile at the time of the commission of the crime, is binding on this panel and fully resolves Cole-Jackson's arguments on appeal.

B. *Does Cole-Jackson's Fifteen-Year Sentence Violate the Eighth Amendment?*

Cole-Jackson asserts that to the extent the ACCA exposes him to a fifteen-year minimum-mandatory sentence based on criminal conduct committed as a juvenile, § 924(e)(1) is unconstitutional as applied to him. In response, the United States notes that every court to consider this question has rejected the argument advanced by Cole-Jackson on appeal. We review this constitutional

question de novo. *United States v. Grassie*, 237 F.3d 1199, 1207 (10th Cir. 2001).

Although this court has yet to consider this question, other courts have uniformly rejected the notion that use of an adult conviction like CF-1995-1347 in reaching a sentencing determination implicates the Eighth Amendment. *See, e.g.*, *United States v. Graham*, 622 F.3d 445, 461-464 (6th Cir. 2010) (holding that use of adult conviction for crime committed before age of eighteen for purposes of the mandatory-minimum life sentence under 21 U.S.C. § 841(b)(1)(A) did not violate the Eighth Amendment); *United States v. Jones*, 574 F.3d 546, 553 (8th Cir. 2009) ("[T]he Eighth Amendment does not prohibit using an adult conviction based on juvenile conduct to increase a sentence under the ACCA . . . ."); *United States v. Salahuddin*, 509 F.3d 858, 863-64 (7th Cir. 2007) (same); *United States v. Wilks*, 464 F.3d 1240, 1243 (11th Cir. 2006) (same). For all the reasons set out in the cases cited above, this court has no doubt it is proper under the Eighth Amendment to consider adult criminal convictions, even though the defendant was under the age of eighteen at the time of the commission of the crime, in arriving at an appropriate sentence for a recidivist offender who continues to commit crimes into adulthood. *Wilks*, 464 F.3d at 1243 ("It is one thing to prohibit capital punishment for those under the age of eighteen, but an entirely different thing to prohibit consideration of prior youthful offenses when sentencing criminals who continue their illegal activity into adulthood."). The

fifteen-year sentence imposed by the district court on Cole-Jackson, the minimum

sentence applicable under the ACCA, is entirely consistent with the Eighth

Amendment.[1]

### V.  CONCLUSION

For those reasons set out above, sentence imposed by the district court is

hereby **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[1]Although Cole-Jackson seems to generally assert that his fifteen-year sentence is disproportionate to his crime of conviction, he never specifies what makes his case an exception to the general rule that "a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." *United States v. Delacruz-Soto*, 414 F.3d 1158, 1168 (10th Cir. 2005).  In any event, such an argument would border on the frivolous, given Cole-Jackson's extensive criminal history. *United States v. Garule*, 461 F.3d 1238, 1247 (10th Cir. 2006) (holding that a legislature is justified in punishing a recidivist more severely than it punishes a first offender).  Furthermore, "the basic purpose of § 924(c) is to combat the dangerous combination of drugs and guns." *United States v. Angelos*, 433 F.3d 738, 751 (10th Cir. 2006) (quotations omitted).  By bringing a loaded weapon to a drug transaction, Cole-Jackson dramatically heightened the danger to society. *Id.*  In light of the magnitude of the potential harm, Cole-Jackson's fifteen-year sentence is not grossly, or for that matter remotely, disproportionate to the crime he committed. *Id.*