FILED
United States Court of Appeals
Tenth Circuit

July 25, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JASON JONES, a/k/a Peek-A-Boo,

Defendant - Appellant.

No. 12-3261
(D.C. No. 6:11-CR-10131-MLB-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Defendant-Appellant Jason Jones entered a guilty plea, without a plea agreement, to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Mr. Jones's Presentence Investigation Report ("PSR") noted that his criminal history included four prior burglary convictions. Three of the convictions were for burglaries Mr. Jones committed when he was seventeen years old. Based on these convictions, the PSR stated that Mr. Jones was subject

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

to an enhanced sentence under the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e)(1), warranting a base offense level of thirty-three under the United States Sentencing Guidelines ("the Guidelines" or "U.S.S.G.") § 4B1.4[1] and a mandatory minimum fifteen-year sentence. Prior to being sentenced, Mr. Jones lodged multiple objections to the application of the ACCA's fifteen-year mandatory minimum to his case, all of which were rejected by the district court during Mr. Jones's sentencing hearing. The district court sentenced Mr. Jones to a term of 180 months' imprisonment to be followed by a term of five years' supervised release. On appeal, Mr. Jones raises the same issues he raised before the district court. Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm.

# I

In November 2010, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") began conducting an undercover storefront operation in Wichita, Kansas. The purpose of the operation "was for undercover ATF agents to purchase and/or trade controlled substances, firearms, and stolen property from various individuals in the Wichita, Kansas area." R., Vol. 2, at 7 (PSR, filed July 24, 2012). On May 7, 2011, Mr. Jones entered the undercover storefront and sold a Browning 12-gauge shotgun to undercover ATF agents. During the transaction, Mr. Jones indicated that he had access to other firearms. After the sale, agents

---

[1] In preparing the PSR, the U.S. Probation Office relied on the 2011 edition of the Guidelines. We do the same.

2

traced the shotgun to its purchaser, who informed the agents that the shotgun had been stolen from his home during a burglary that occurred on August 12, 2009. Mr. Jones had previously been convicted of this burglary. Mr. Jones was subsequently arrested on September 21, 2011.

On May 14, 2012, Mr. Jones pleaded guilty, without a plea agreement, to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The PSR revealed that Mr. Jones's criminal history included four prior burglary convictions: (1) a 1999 conviction for second degree burglary in Springfield, Missouri; (2) a 2000 conviction for second degree burglary in Springfield, Missouri; (3) another 2000 conviction for second degree burglary in Springfield, Missouri; and (4) a 2009 conviction for burglary in Wichita, Kansas. Based on these prior convictions, Mr. Jones qualified as an Armed Career Criminal within the meaning of U.S.S.G. § 4B1.4 and 18 U.S.C. § 924(e), warranting a base offense level of thirty-three under U.S.S.G. § 4B1.4 and a mandatory minimum fifteen-year sentence.

Mr. Jones's base offense level was reduced to thirty due to his acceptance of responsibility. This offense level, combined with Mr. Jones's criminal history category of V, resulted in an advisory Guidelines sentencing range of 151 to 188 months' imprisonment. However, because Mr. Jones was deemed an Armed Career Criminal subject to 18 U.S.C. § 924(e)'s mandatory fifteen-year minimum sentence, the PSR determined his Guidelines range to be 180 to 188 months'

3

imprisonment.

Prior to being sentenced, Mr. Jones filed a Sentencing Memorandum, along with numerous supplemental memoranda, in which he raised each of the claims that are before us on appeal. Mr. Jones urged the district court to disregard the ACCA and sentence him to a term of sixty-three months' imprisonment based solely on the sentencing factors under 18 U.S.C. § 3553(a). The district court rejected each of Mr. Jones's objections, and held that Mr. Jones was subject to the mandatory minimum sentence under the ACCA. Accordingly, on September 24, 2012, the district court sentenced Mr. Jones to a term of 180 months' imprisonment to be followed by a term of five years' supervised release. Mr. Jones timely appealed.

## II

Where a defendant "adequately objects to the introduction of a prior conviction because . . . the defendant was pardoned or has had civil rights restored, we will review de novo the district court's legal decision as to the admissibility of such prior conviction and we will review the court's underlying factual findings for clear error." *United States v. Flower*, 29 F.3d 530, 536 (10th Cir. 1994) (applying this standard in the context of 18 U.S.C. § 922(g)).

"We review a sentence enhancement imposed under the ACCA de novo." *United States v. Delossantos*, 680 F.3d 1217, 1219 (10th Cir. 2012); *see United States v. Tisdale*, 921 F.2d 1095, 1098 (10th Cir. 1990) ("We will review *de novo*

4

the trial court's interpretation and application of the ACCA."). Whether a defendant's "juvenile adjudication qualifies as a violent felony conviction under the ACCA is a legal question that we review de novo." *United States v. Washington*, 706 F.3d 1215, 1217 (10th Cir. 2012). Similarly, "[w]e review constitutional challenges to a sentence de novo," *United States v. Angelos*, 433 F.3d 738, 754 (10th Cir. 2006), including whether a criminal sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment, *see United States v. Yeley-Davis*, 632 F.3d 673, 682 (10th Cir. 2011).

We turn first to Mr. Jones's argument that the restoration of his civil rights as to his three prior burglary convictions was sufficient to trigger operation of 18 U.S.C. § 921(a)(20), which excludes convictions "for which a person has been pardoned or has had civil rights restored." 18 U.S.C. § 921(a)(20). We then turn to Mr. Jones's remaining arguments, none of which are successful. Most are squarely foreclosed by controlling precedent; the rest are otherwise wholly without merit.

## A

Mr. Jones argues that his three prior burglary convictions "should not count as convictions under § 921(a)(20) because [he] 'has had civil rights restored' as to those convictions." Aplt. Opening Br. at 10. The ACCA enhances a sentence to a fifteen-year mandatory minimum for a felon convicted of possession of a firearm with "three previous convictions . . . for a violent felony or a serious drug

5

offense." 18 U.S.C. § 924(e)(1). However, "[a]ny conviction . . . for which a person has been pardoned or *has had civil rights restored* shall not be considered a conviction for purposes of this chapter." *Id.* § 921(a)(20) (emphasis added).

Mr. Jones was discharged from his sentence for the three Missouri burglary convictions in 2005, at which time his rights to vote and hold office were automatically restored under Missouri law. Based on this discharge and restoration of rights, Mr. Jones argues that his "three burglaries should not count as convictions under § 921(a)(20) because [he] has had civil rights restored as to those convictions." Aplt. Opening Br. at 10 (internal quotation marks omitted).

Mr. Jones concedes that not all of his civil rights were restored upon his 2005 discharge. Notably, his right to sit on a jury was not restored. However, Mr. Jones argues that the restoration of his rights to vote and hold office were sufficient to render his three Missouri burglary convictions non-qualifying predicate convictions under 18 U.S.C. § 921(a)(20).

"[W]e look to the whole of state law, rather than only at a certificate of restoration of civil rights upon release from parole or imprisonment, in determining whether a defendant's civil rights have been restored." *United States v. Hoyle*, 697 F.3d 1158, 1166 (10th Cir. 2012). Under § 921(a)(20), Missouri law applies. *See* 18 U.S.C. 921(a)(20) ("What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held."). The Eighth Circuit, which is arguably the circuit in

6

the best position to decide issues of Missouri law, rejected a claim analogous to that made by Mr. Jones in *United States v. Akens*, 602 F.3d 904 (8th Cir. 2010). Specifically, the Eighth Circuit in *Akens* held that Missouri's restoration of the defendant's right to vote and hold office was insufficient to qualify as a restoration of civil rights under § 921(a)(20):

> Missouri automatically restores some civil rights, such as voting (upon release from confinement) and holding office (upon completion of sentence). *See* Mo. Rev. Stat. §§ 561.016, 561.026(1), 561.021.2. However, felons may not serve as jurors, sheriffs, highway patrol officers, state fire investigators or employees, state lottery licensees or employees, or manage, conduct or operate bingo games. *See* Mo. Rev. Stat. §§ 494.425(4), 540.045(1), 561.026(3), 57.010.1, 43.060.1, 320.210, 313.245, 313.255.6(2), 313.035.1(1); Mo. Const. Art. III, § 39(a)(3)(e). Moreover, felons face statutory hurdles to being licensed in many occupations and professions.
>
> Because Missouri withholds substantial civil rights, [the defendant] *has not been restored to sufficient civil rights in order to invoke section 921(a)(20)*.

602 F.3d at 908 (emphasis added) (citation omitted) (quoting *United States v. Brown*, 408 F.3d 1016, 1017 (8th Cir. 2005)) (internal quotation marks omitted).

Under the reasoning in *Akens*, the restoration of Mr. Jones's rights to vote and hold public office did not sufficiently restore his civil rights in order to invoke § 921(a)(20). This is consistent with our own case law. Specifically, "we have held that the rights to vote, *serve on a jury*, and hold public office, as well as the right to possess firearms, must *all* be restored under § 921(a)(20) before a prior conviction may be excluded on the basis of restoration of civil rights."

7

*Flower*, 29 F.3d at 536; *see also id.* ("The acknowledgment that [the defendant] has not had restored his right to sit on a jury is an acknowledgment that his civil rights have not adequately been restored to disqualify the use of those convictions as predicate convictions for the § 922(g)(1) charge."); *United States v. Maines*, 20 F.3d 1102, 1104 (10th Cir. 1994) (holding that "in order for a conviction to fall outside the scope of § 924(e)(1) enhancement" there must be a restoration of the following civil rights: (1) the right to vote, (2) the right to seek and hold public office, (3) the right to serve on a jury, and (4) the right to possess firearms). As noted, Mr. Jones's right to serve on a jury was not restored. Thus, consistent with these holdings, we conclude that Mr. Jones's civil rights were not sufficiently restored to invoke § 921(a)(20), and therefore his convictions qualified as predicate felonies for purposes of applying the provisions of the ACCA.

**B**

We turn now to Mr. Jones's remaining arguments. Mr. Jones raises seven additional challenges to his sentence, all of which were raised before the district court. Specifically, Mr. Jones asserts the following: (1) his three burglary convictions were part of a common episode and should not be treated as different from one another under the ACCA; (2) Missouri law establishing the age of adulthood at seventeen for criminal law purposes violates the Due Process and Equal Protection Clauses; (3) a fifteen-year sentence based upon an act committed by a juvenile constitutes cruel and unusual punishment under the Eighth

8

Amendment; (4) the ACCA unconstitutionally infringes on the district court's

sentencing power by limiting its authority to apply the sentencing factors under

18 U.S.C. § 3553; (5) a mandatory minimum sentence of fifteen-years'

imprisonment constitutes cruel and unusual punishment because it is grossly

disproportionate; (6) Mr. Jones is entitled to a jury finding as to the elements of

the ACCA under the Fifth and Sixth Amendments; and (7) the ACCA and

inherent charging power violate the separation of powers doctrine.  Because we

conclude that these arguments are either squarely foreclosed by controlling

precedent or otherwise patently meritless, we may resolve the remainder of this

appeal in relatively short order.

Mr. Jones first argues that his three burglaries were part of a common

episode and should not be treated as different from one another under the ACCA.[1]

We reject this argument.  Specifically, our case law makes clear that where, as

here, a defendant burglarizes different businesses on different dates, the

burglaries are committed on "occasions different from one another" for purposes

of applying 18 U.S.C. § 924(e) and the ACCA.  *Tisdale*, 921 F.2d at 1098–99

(finding that three burglaries that occurred on the same night, in the same mall,

and were prosecuted together, constituted three "separate criminal episode[s]" for

purposes of the ACCA); *see United States v. Michel*, 446 F.3d 1122, 1133–35

---

[1]    In order for a defendant to be subject to the fifteen-year mandatory minimum under the ACCA, he must have three prior convictions of violent felonies "committed on occasions different from one another."  18 U.S.C. § 924(e)(1).

(10th Cir. 2006) (finding three separate criminal episodes even though the defendant committed all of the offenses in the same night); *see also United States v. Riggs*, 302 F. App'x 805, 810 (10th Cir. 2008) (rejecting defendant's argument that a "robbery spree" was a single criminal episode under the ACCA where the second robbery was committed two days after the first robbery (internal quotation marks omitted)).

Mr. Jones next argues that Missouri's law establishing the age of adulthood at age seventeen for criminal law purposes violates the Due Process and Equal Protection Clauses of the Constitution. As Mr. Jones himself concedes, this argument is foreclosed by circuit precedent. *See United States v. Johnson*, 630 F.3d 970, 976 (10th Cir. 2010) (holding that under the definition of conviction in 18 U.S.C. § 921(a)(20), the court must defer to Missouri law's definition of juvenile and treat defendant's convictions at age seventeen as qualifying predicate felony offenses under the ACCA); *see also United States v. Cole-Jackson*, 414 F. App'x 108, 111 (10th Cir. 2011) ("The conclusion in *Johnson* that the ACCA embraces prior felony convictions in which the defendant was treated as an adult, even if the defendant was a juvenile at the time of the commission of the crime, is binding on this panel and fully resolves [the defendant's] arguments on appeal."). Accordingly, we need not address this argument further.

Mr. Jones similarly concedes that his third argument—that a fifteen-year sentence based upon an act of juvenile delinquency is cruel and unusual

punishment under the Eight Amendment—has been "addressed by the Tenth Circuit and rejected." Aplt. Opening Br. at 18. The case Mr. Jones cites in recognition of this proposition—*Cole-Jackson*—is, in fact, unpublished and therefore not binding on this panel. *See Cole-Jackson*, 414 F. App'x at 111 (rejecting a virtually identical Eighth Amendment challenge where the defendant was sentenced to a fifteen-year mandatory minimum sentence under the ACCA where the defendant had committed one of the qualifying predicate offenses when he was a juvenile). That being said, we agree with the panel's reasoning in *Cole-Jackson* and its recognition that "other courts have uniformly rejected the notion that use of an adult conviction . . . in reaching a sentencing determination implicates the Eighth Amendment." *Id.*; *see, e.g.*, *United States v. Graham*, 622 F.3d 445, 461–64 (6th Cir. 2010) (holding that mandatory life sentence for conspiracy to distribute cocaine did not violate the Eighth Amendment even though one of the defendant's predicate felony drug convictions was committed when he was a juvenile); *United States v. Jones*, 574 F.3d 546, 553 (8th Cir. 2009) ("[T]he Eighth Amendment does not prohibit using an adult conviction based on juvenile conduct to increase a sentence under the ACCA."); *United States v. Salahuddin*, 509 F.3d 858, 863–64 (7th Cir. 2007) ("[T]he Eighth Amendment does not prohibit using a conviction based on juvenile conduct to increase a sentence under the armed career criminal provisions."). For these

11

reasons, we reject Mr. Jones's argument.

In his next argument, Mr. Jones contends that the ACCA "unconstitutionally infringe[s] on the [district court's] sentencing power" by limiting the court's authority to apply the sentencing factors under 18 U.S.C. § 3553.[2] Aplt. Opening Br. at 18. This argument is unpersuasive. Specifically, in *United States v. Hatch*, 925 F.2d 362 (10th Cir. 1991), we rejected the argument that a mandatory minimum sentence violated the defendant's constitutional rights by removing the judge's sentencing discretion. *See* 925 F.2d at 363. As we noted in *Hatch*, "[t]he Supreme Court has clearly indicated that a mandatory minimum sentence which dictates the precise weight a particular factor must be given is not unconstitutional." *Id.*; *see also Riggs*, 302 F. App'x at 812 (applying the reasoning from *Hatch* to a mandatory minimum sentence imposed under § 924(e)).

Moreover, contrary to Mr. Jones's suggestions, there is no conflict between 18 U.S.C. § 3553(a) and 18 U.S.C. § 924(e)'s mandatory minimum. Section 3553(a) must be viewed in light of another provision of the statute, § 3553(e).

---

[2] To the extent that Mr. Jones argues he is entitled to an individualized sentence, we disagree. Our case law makes clear that "there is no constitutional right to an individualized sentence." *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1213 (10th Cir. 2009); *United States v. Horn*, 946 F.2d 738, 746 (10th Cir. 1991) ("We have rejected the notion that a defendant has a due process right to a discretionary, individualized sentence in a noncapital case . . . .").

12

That provision tacitly recognizes the generally binding operation of mandatory minimum sentencing schemes, such as found in § 924(e), by electing to provide limited power to district courts to sentence below mandatory minimums *only* "so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e); *see United States v. A.B.*, 529 F.3d 1275, 1281–82 (10th Cir. 2008) (agreeing that the district court's authority to reduce a mandatory minimum sentence was limited to consideration of substantial assistance factors under § 3553(e) and that the district court was not permitted to "reduce the sentence further based on factors, other than assistance, set forth in 18 U.S.C. § 3553(a)" (quoting *United States v. Williams*, 474 F.3d 1130, 1130 (8th Cir. 2007)) (internal quotation marks omitted)); *United States v. Huskey*, 502 F.3d 1196, 1200 (10th Cir. 2007) (rejecting claim that § 3553(a) conflicted with statute imposing mandatory minimum sentence because "[s]ection 3553(a) simply does not apply to mandatory sentences").

Finally, we reject Mr. Jones's implication that the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), confers discretion upon a district court to disregard either § 3553(e) or the ACCA's mandatory minimum. As we have previously made clear, *Booker* does not affect statutory mandatory minimum sentences. *See A.B.*, 529 F.3d at 1281–83 (agreeing that *Booker* does

not expand the authority of the district court to sentence a defendant below a statutory minimum). For these reasons, we reject Mr. Jones's argument.

Mr. Jones next argues that his mandatory minimum sentence of fifteen-years' imprisonment is "unjust and cruel" because it is grossly disproportionate to his crime and criminal history. Aplt. Opening Br. at 24–25. We have consistently held that sentences such as Mr. Jones's do not violate the Eighth Amendment, and accordingly we reject this argument. *See Angelos*, 433 F.3d at 750–53 (rejecting Eighth Amendment challenge to a mandatory sentence under 18 U.S.C. § 924(c) of fifty-five years for drug and firearm offenses where the defendant had no significant adult criminal history); *see also United States v. James*, 303 F. App'x 632, 639–40 (10th Cir. 2008) (applying a proportionality analysis and concluding that a fifteen-year sentence imposed under the ACCA was not disproportionate given that the defendant was caught with a firearm and had three prior burglary convictions).

Mr. Jones concedes that his sixth argument—that he was entitled to jury findings as to the elements of the ACCA under the Fifth and Sixth Amendments—is foreclosed by our precedent and Supreme Court case law regarding prior convictions in the sentencing context. *See, e.g.*, *United States v. Harris*, 447 F.3d 1300, 1303 (10th Cir. 2006) ("Applying [the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Booker*], we have

14

recently held that all three elements of the ACCA are properly assessed by the sentencing court."); *see also Booker*, 543 U.S. at 244 ("Any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." (emphasis added)); *United States v. Apperson*, 441 F.3d 1162, 1213 (10th Cir. 2006) ("[T]he Supreme Court has consistently held, and recently reaffirmed in *Booker*, that a prior felony conviction is a sentencing factor and thus does not need to be pled in the indictment or be decided by a jury."). Accordingly, we need not consider this issue further.

In his final argument, Mr. Jones contends that the ACCA and inherent charging power violate the separation of powers doctrine. Mr. Jones's argument is entirely unpersuasive. As the government points out: "[A]pplication of the ACCA is *mandatory*, irrespective of whether the prosecutor seeks its application. The statute does not provide either the government or a district court with any discretion to avoid its application." Aplee. Br. at 29. Moreover, Mr. Jones's argument is foreclosed by precedent. *See, e.g.*, *United States v. Gurule*, 461 F.3d 1238, 1246 (10th Cir. 2006) ("Congress has the power . . . to determine punishments, and in the exercise of that power Congress may choose to give the judicial branch no sentencing discretion whatsoever."); *United States v. Johnson*,

973 F.2d 857, 860 (10th Cir. 1992) (holding that § 924(e)(1) "does not require government action to trigger its application nor does it vest discretion in the sentencing court not to apply its mandate"); *see also United States v. Nolan*, 342 F. App'x 368, 371 (10th Cir. 2009) (holding that "[t]he court's application of the mandatory fifteen-year sentence prescribed by Congress [under the ACCA] did not violate the 'separation of powers' doctrine" and recognizing that "[a] federal court does not violate the 'separation of powers' doctrine by implementing a mandatory sentence imposed by Congress").  Accordingly, this argument also fails.

## III

For the foregoing reasons, we affirm the judgment of the district court.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

16